# JOEL A. DANIELS

*v.*

# THE FIFTH NATIONAL BANK OF CHICAGO.

1. PRACTICE—*loss or destruction of files—default.* After the destruction of the records and files of the court by fire, among which were those of an ejectment suit, the plaintiff's attorney filed his affidavit, showing the time of the commencement of the suit, issuing of summons, service upon defendant and plea by the latter, and showing the cause to have been at issue; also that the affiant had substantial copies of the papers which had been filed. The plaintiff, under leave of the court to file a substantial copy, filed a new declaration. In a few days after this, the court entered a rule on the defendant to plead by a day named, and on the next day after the expiration of the rule, rendered judgment against the defendant by default: *Held*, that the court erred, as the defendant had once pleaded, and there was an issue of fact for trial.

2. On failure of a defendant to file another plea in place of one that has been destroyed, in compliance with the rule of the court, the court can do no more than to allow the plaintiff to supply the plea. In such a case the court can not properly give judgment against the defendant by default for want of a plea.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. KNOWLTON & HUMPHREYVILLE, for the appellant.

Messrs. SHOREY & NORTON, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of ejectment, brought in the Superior Court of Chicago, wherein judgment by default was rendered against the defendant below, the appellant.

The record contains an affidavit of James S. Norton, the attorney of the plaintiff below, filed on the 14th day of

December, 1871, which sets forth the commencement of the suit in the Superior Court of Cook county, the issuing of a summons therein, and the service of it upon the defendant, the filing of a plea by the defendant to the plaintiff's declaration; that the cause was at issue before the 8th day of October, 1871, and that on the 9th day of the said October, the records and papers pertaining to said suit were wholly destroyed by fire; that the affiant had a substantial copy of the papers which had been filed in the suit and so destroyed by fire, and he offered to file them in place of those so destroyed.

On the said 14th day of December, the plaintiff, under leave given by the court to file a substantial copy of the declaration, filed a declaration.

Afterwards, on the 16th day of said December, the court made an order that the defendant plead to the declaration on or before the 3d day of January then next.

On the 4th day of January, 1872, the court, for the reason that no plea had been filed by the defendant, as required by the order of the 16th of December, rendered judgment against the defendant by default, for want of a plea.

As the defendant had once filed a plea, and the cause was at issue, as shown by the affidavit of the plaintiff's attorney, it was error to render judgment against the defendant by default for want of a plea. The issue formed should have been tried by a jury.

The destroying of the files of the cause, and the records of the court, by fire, did not do away with the fact that a plea had been filed, and that the cause stood at issue

It was but the destruction of evidence of the facts, and, notwithstanding, the fact remained that the defendant had filed a plea.

On failure of the defendant to file another plea, in compliance with the order of the court, the court could have done no more than to permit the plaintiff himself to supply the plea, as it had permitted him to supply the declaration; it

could not properly give judgment against the defendant by default for want of a plea.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*[*]

2. VENDOR AND VENDEE—*forfeiture—right to declare.* Where a contract for the sale of land contained a clause of forfeiture, in the event of nonpayment, and the vendor made a deed, to be tendered after the last payment became due, but was unable to make the tender, because the assignees of the vendee had left the country, and he thereupon took possession, and sold the land to E, who made valuable improvements; and it turned out that the complainant, who lived in the neighborhood, had acquired the interest of such assignees, which fact he kept concealed until eight years after the purchase money was due: *Held,* that the sale to E operated as a

---

[*] MYERS *v.* THE FIFTH NATIONAL BANK OF CHICAGO.

Per CURIAM: This case is similar in its facts with the foregoing case of *Joel A. Daniels* v. *The Fifth National Bank of Chicago,* and, for the reasons there stated, the judgment is reversed and the cause remanded.

*Judgment reversed.*