PATRICK MAHER

*v.*

P. I. HUETTE.

1. INSOLVENT—*presence of insolvent on appeal in circuit court.* Where an insolvent debtor appeals from the order of the county court refusing his discharge from arrest for debt, he is not required to appear in person in the circuit court before a trial is had and a verdict found against him. It is error to dismiss his appeal merely for want of such appearance, when he appears by attorney and demands a trial of the issues as to fraud or refusal to surrender his property in execution.

2. SAME—*bond construed.* The condition required in the bond given by a debtor on appeal from the order of the county court refusing to release him from arrest, that "in case the appeal is dismissed, or the order or judgment of the county court is affirmed, in whole or in part, he will perform the same, and will appear before and abide whatever decision the circuit court shall make in the premises," does not require a personal appearance before the court until the case has reached a stage at which it is the province of the court to make a decision which the debtor is required to perform. He is not bound personally to appear until the appeal is dismissed, or the order of the county court is affirmed, in whole or in part.

APPEAL from the Circuit Court of JoDaviess county; the Hon. WILLIAM BROWN, Judge, presiding.

Huette, a creditor of Maher, caused Maher to be arrested as his debtor, charging him with fraud and with a refusal to

surrender his property in satisfaction of process for the collection of Huette's debt. Maher made application to the county court, under the statute in relation to insolvent debtors, for a discharge. An issue was formed as to the truth of the charges against Maher, which was tried by a jury. The defendant was found not guilty of fraud, but "guilty of a refusal to surrender his estate for the payment of judgment against him, and in favor of Huette," and the county court ordered Maher to be remanded to the custody of the sheriff. From this judgment Maher appealed to the circuit court, as provided in section 26 of the statute in relation to insolvent debtors, (p. 588, Rev. Stat. 1874,) and gave a bond. The appeal was allowed by the county court, and the amount of the bond fixed at $400. The bond was executed, with approved security, conditioned " that he (Maher) will prosecute his said appeal with effect; and in case appeal is dismissed, or the order or judgment of the county court is affirmed, in whole or in part, he will perform the same, and will appear before and abide whatever decision the circuit court shall make in the premises, and pay all costs that may be awarded against him; and, also, that he will not sell or dispose of any of his estate, pending such appeal, but that the same shall be forthcoming, and subject to the order of the county court."

The cause being thus pending in the circuit court, was called for trial, when Maher appeared by attorney, and asked that the issue be tried; but Huette, by his attorney, objecting that Maher was not present in person, caused him to be called, and Maher not appearing, the security in his appeal bond was then called, that he might produce Maher. The security in the appeal bond was not present, and did not answer. Thereupon, Huette, by his attorney, moved that the appeal be dismissed for want of prosecution in person by Maher. This motion was resisted by the attorney of Maher, who insisted upon a trial of the issue. The motion was heard without further proof, the circuit court sustained the motion and dismissed the appeal, and affirmed the judgment of the county

court. From this judgment of the circuit court Maher appeals
to this court, and assigns for error the ruling of the circuit
court in dismissing the appeal.

Mr. M. Y. JOHNSON, for the appellant.

Mr. E. L. BEDFORD, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

It is insisted by appellee, that appellant was not entitled to.
a trial of the issue in the circuit court without being person-
ally present; that the failure of Maher to appear in person,
and prosecute the appeal in person, was a sufficient ground
for the dismissal of the appeal. In support of this position,
reliance seems chiefly to be had upon the statutory provision
as to the condition of the bond, which says, he "will appear
before and abide whatever decision the circuit court shall
make in the premises." This was the condition actually con-
tained in this appeal bond. An examination of the entire
sentence, however, will show that this undertaking to appear
and abide is conditional. The language of the condition is,
that "in case the appeal is dismissed, or the order or judg-
ment of the county court is affirmed, in whole or in part, he
will perform the same, and will appear before and abide what-
ever decision the circuit court shall make in the premises."
This does not require a personal appearance before the court
until the case has reached a stage at which it is the province
of the circuit court to make a decision requiring the appellant
to perform it. It is said that he was liable, if the jury found
him guilty, to be remanded by the court into the custody of
the sheriff. This is undoubtedly true, but the court had no
power to make that order until the jury had returned their
verdict. There could be no necessity for the presence of the
debtor in court until the verdict was rendered. Had appel-
lant appeared when called, he could not have been lawfully put
in custody. The statute ought not, by construction, be made

32—89 ILL.

to require a vain thing. Had the trial proceeded, and had the verdict been rendered against the debtor, then, and not until then, could the creditor demand his personal presence in court.

All the rights of the creditor are fully protected in this way. He has a bond, with good security, and in sufficient amount to cover his claim, so conditioned that if the debtor failed to appear and surrender himself into custody at the proper time, the security upon the bond would be absolutely liable for the amount of the debt.

The judgment of the circuit court must be reversed, and the cause remanded for further proceedings in accordance with this opinion.

*Judgment reversed.*

SCHOLFIELD and WALKER, JJ., dissent.