## MARTIN SCHULTZ

*v.*

## HENRY MEISELBAR.

*Filed at Ottawa, November 23, 1892.*

1. SETTING ASIDE DEFAULT — *sufficiency of affidavit — negligence of attorney.* An affidavit filed on a motion to set aside a judgment by default, although it may show a meritorious defense, is insufficient, if it fails to show any other reason why plea was not filed in time, than that the defendant's attorney failed to do so " through press of business and inadvertence." The negligence of the attorney in failing to file a plea, is the negligence of the client.

2. SAME — *for censurable act of plaintiff — not prejudicial to defendant.* Two or three weeks before judgment by default, the attorney of the defendant withdrew the declaration and papers in the case, giving his receipt to the clerk of the court therefor. While the papers were still out of the clerk's office the plaintiff improperly obtained possession of such receipt and took judgment by default. *Held,* that while the abstraction of the receipt was highly censurable, it afforded no ground for setting aside the judgment by default, such act not interfering prejudicially to the defendant.

3. JUDGMENT BY DEFAULT — *papers in possession of defendant's attorney.* It is not error to take judgment by default for want of a plea, where the defendant's attorney had withdrawn the declaration and papers from the files two or three weeks before, and still had them at his office. A party can take no advantage by reason of his own improper act.

APPEAL from the Appellate Court for the First District ; — heard in that court on appeal from the Circuit Court of Cook county ; the Hon. GEO. R. DRIGGS, Judge, presiding.

Mr. A. S. CRONK, for the appellant.

Mr. E. J. WALSH, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court :

Appellee brought assumpsit against appellant to the November term, 1891, of the Cook Circuit Court. Summons was thereupon duly issued in the cause and served upon the appellant on the 16th day of October, 1891. Appellee's declaration consisted of the common counts, and it was filed in due time for the term to which the summons was returnable. Accompanying the declaration was a copy of the account for the recovery of which the suit was brought, and also the affidavit of appellee, showing the nature of his demand, and that the amount due from appellant, after allowing to appellant all his just credits, deductions and set-offs, was $1000. On the 18th of November, 1891, being the third day of that term of court, appellant not having filed any plea to the declaration of appellee, judgment was rendered in favor of appellee against appellant by default, and appellee's damages were thereupon assessed at $1000, for which, and for costs, judgment was rendered. Three days after judgment was thus rendered, appellant, by his attorney, moved to set it aside and filed affidavits in support of the motion. The court overruled the motion, and this ruling presents the only question for our consideration upon this record.

The affidavits may be conceded to disclose a meritorious defense, but they show no reason why plea was not filed within the proper time, other than that the attorney employed by appellant to defend him in that case, and who represents appellant in this appeal, failed to do so " through press of business and inadvertence." If this attorney was unable to attend to the case through press of business, it was plainly the duty of appellant to employ another attorney who could attend to it; and the negligence of the attorney in failing to file plea is the negligence of his client. *Mendell* v. *Kimball*, 85 Ill. 582; *Walsh* v. *Walsh*, 114 id. 656.

But counsel further insists that the judgment by default was erroneously entered, because he himself had taken the declaration, account and affidavit from the files some two or three weeks before the judgment was rendered, and then had them in his actual possession in his law office.

To allow counsel to thus continue causes and prevent the obtaining of judgments, would be to offer a premium for improperly withdrawing or improperly withholding records from the files where they belong. Appellant cannot be heard to say there was no record in the case simply because his counsel had improperly withheld these papers from the files. When filed, they became, in legal contemplation, permanent records of the court, and although, in fact, subsequently withdrawn from the files, for all legal purposes they are to be regarded as always remaining on file. And if lost or destroyed, they could be restored by filing proved copies. *Daniel* v. *First National Bank*, 65 Ill. 409 ; *Meyer* v. *First National Bank*, id. 411.

Complaint is made that appellee improperly abstracted the receipt of appellant's attorney for these papers from the files. It may be conceded that appellee should have been punished by the court for that act. It was certainly highly censurable, but it is impossible to see how appellant was prejudiced by it.

It could by no possibility have had any tendency to hinder him in pleading at the proper time.

We can not say that the ruling of the court below in refusing to set aside the judgment was unjust and oppressive, and its judgment must therefore be affirmed. *Union Hide and Leather Co.* v. *Woodley*, 75 Ill. 436 ; *Hitchcock* v. *Herzer*, 90 id. 543.                                                     *Judgment affirmed.*