FRANK HAHN

*v.*

FRED GATES.

169   299
107a ¹176
107a ¹535

*Opinion filed November 1, 1897.*

1. JUDGMENTS AND DECREES—*judgment by default not set aside if the defendant was not diligent in preparing for trial.* A judgment by default will not be set aside, although the defendant may show that he has a good defense, when it does not appear that he exercised proper diligence in preparing for trial.

2. SAME—*what not sufficient diligence to warrant setting aside default.* A judgment by default will not be set aside where, after the cause was at issue and placed upon the docket, the defendant employed an attorney, but neither he nor the attorney gave the matter any attention thereafter, but, eight months after such employment, allowed the case to come to trial on the regular call of the docket without making any defense.

*Hahn* v. *Gates*, 67 Ill. App. 596, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ABNER SMITH, Judge, presiding.

JOSEPH GRANICK, for appellant.

F. L. SALISBURY, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a judgment of the circuit court of Cook county denying a motion to vacate a judgment, rendered at the April term, 1896, of the court in favor of Fred Gates, against appellant, for the sum of $1849.85.

It appears that the motion to vacate the judgment was filed at the term of court at which it was rendered, but the attention of the court was not called to the motion until the 9th day of June, at the June term of the court, when it was denied by the court. It is claimed in the argument that the court denied the motion upon the

ground that it was not made at the term of court at which it was rendered. It is not material here upon what ground the court denied the motion. The question involved in this appeal is, whether the judgment of the circuit court is right or erroneous, regardless of the reason that may have been given for the decision.

We shall not stop to determine whether the act of filing the motion with the clerk at the April term of court, without calling the attention of the court to the motion until the following June term, is to be regarded as a motion properly made in court to vacate a judgment during the term at which it was rendered, for the reason that the decision of the court denying the motion may be placed upon other and more satisfactory grounds.

It is a well established rule that a judgment by default will not be set aside, although the defendant may show that he has a good defense, when it does not appear that he exercised proper diligence to be ready for trial. (*Mendell* v. *Kimball*, 85 Ill. 582.) This action was brought in the year 1893. Summons was served on the defendant July 25 of that year, and on the 17th day of August the defendant filed a plea to the action. No further steps were taken by the defendant, as appears from his affidavit, until August 1, 1895. That part of the affidavit in reference to diligence, as set out in the abstract, is as follows: "Affidavit of Frank Hahn, defendant, who states that on the 1st day of August, 1895, he employed Joseph Granick, a practicing attorney, to attend certain cases for him then pending in the courts of this county; that he submitted a list of the cases, in writing, at said time to said Granick, among which were two or three cases which had been disposed of. He further states that he told his said attorney what cases had been disposed of, and that his attorney then and there marked the letter 'D' opposite the same; that among said cases was the case of *Gates* v. *Hahn.*" After furnishing the list, as stated in the affidavit, the defendant did nothing further to be ready for

trial. Indeed, after that time he paid no attention whatever to the case and his attorney gave it no attention. In April, 1896,—eight months after the defendant employed his attorney,—the case was reached for trial on the regular call of the docket, and a trial had and judgment entered in favor of the plaintiff. If the defendant had given his case any attention, no reason appears why he might not have been ready for trial when the case was called. His failure to be ready for trial was due to his own negligence. The defendant knew when he employed an attorney, in August, 1895, that the cause would be called for trial when it could be reached on the regular call of the docket, and it was his duty, if he had any defense, to make preparation for trial and be ready when the case was reached. This he failed to do, and no good reason was shown why the judgment should be set aside.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*