GEORGE K. BARRETT *et al.*

. *v.*

THE QUEEN CITY CYCLE COMPANY.

*Opinion filed April 17, 1899.*

1. PRACTICE—*when court's discretion in refusing to vacate default will not be disturbed.* The discretion of the trial court in refusing to set aside a judgment by default regular on its face will not be disturbed on appeal, unless the defaulted party is able to show both diligence and merit in his defense.

2. SAME—*inadvertence is not ground for vacating default.* A mistake by a clerk of the attorneys for the defendant in putting a cause on the office docket for the January term instead of the prior December term is not ground for vacating a default taken at the latter term, where the attorneys accepted service and entered appearance in time to require a plea at such term, and would have found the declaration on file had they investigated.

*Barrett v. Queen City Cycle Co.* 79 Ill. App. 277, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

F. S. HAHN, for appellants.

HAMLINE, SCOTT & LORD, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an action of assumpsit, brought by appellee in the circuit court of Cook county, against appellants. The declaration contained the common counts for goods sold and delivered, amounting to the sum of $2000. The action was brought on December 6, 1897. On the next day service was accepted, and on the 10th day of December Hahn & Horn, who were attorneys for appellants, entered their appearance in the cause. On the same day a declaration was filed by plaintiff, and on the 23d day of December, no plea having been filed, a default was entered and judgment rendered for $1367.97. At the same term of court a motion was made to set aside the default, but it was overruled by the court. The appellants appealed to the Appellate Court, where the judgment was affirmed, and to reverse the judgment of the Appellate Court this appeal was taken.

The judgment of a circuit court cannot be reversed on appeal, in a case of this character, unless it appears that there has been an abuse of the discretion of that court, and where it appears that the party defaulted has failed to exercise due diligence it has never been held an abuse of discretion to refuse to vacate a judgment. As a general rule, diligence and merits must both appear, otherwise the discretion of the court will not be interfered with in a case of this character. The entire showing as to diligence is embraced in the affidavit of Hahn, appellants' attorney, viz.: "That inadvertently no plea was filed under the following circumstances, to-wit: That William F. Dockery, a clerk in the office of defendants' attorneys, inadvertently placed the cause on the office diary for the January term in place of the December term, 1897, for answer to be filed." We do not think this

affidavit shows proper diligence. The attorneys of appellants knew that the suit was commenced in time to require a plea at the December term of court, and if they had looked at the files they would have found a declaration on file which required an answer at that term. They did not, however, take this precaution but relied on a memorandum made by their clerk, who, it seems, made a mistake, and through inadvertence placed the cause on the office diary for the January term in the place of the December term. It was held in *Schultz* v. *Meiselbar*, 144 Ill. 26, that inadvertence is not a sufficient ground to set aside a judgment rendered by default. It is there said: "The affidavits may be conceded to disclose a meritorious defense, but they show no reason why plea was not filed within the proper time, other than that the attorney employed by appellant to defend him in that case, and who represents appellant in this appeal, failed to do so through press of business and inadvertence. If this attorney was unable to attend to the case through press of business, it was plainly the duty of appellant to employ another attorney who could attend to it, and the negligence of the attorney in failing to file a plea is the negligence of his client.—*Mendell* v. *Kimball*, 85 Ill. 582; *Walsh* v. *Walsh*, 114 id. 655."

It is claimed that the court erred in allowing appellee to read an affidavit on the motion to vacate the judgment. Conceding that affidavits on behalf of appellee were inadmissible, the one read on the motion related solely to the merits, and hence did no harm, as the case turned on the question of diligence.

We think no sufficient ground was shown to set aside the judgment, and the judgment of the Appellate Court will be affirmed.                    *Judgment affirmed.*