### Frank Hahn v. Fred Gates and W. D. Alsever.

1. SET-OFF—*In Equity, in Cases of Insolvency.*—Where a person against whom a set-off is claimed is insolvent, and the law courts afford no adequate or complete remedy, a court of equity will take jurisdiction and act in the matter.

2. REMEDIES—*In Equity, Where Courts of Law Have No Jurisdiction.*—Where courts of law can not give an adequate or complete remedy a court of chancery will act and give relief.

3. LACHES—*In Equity, Where the Statute of Limitations Has Not Run.*—In holding that laches and negligence should bar relief in equity when the statute of limitations has not run, there must be special circumstances by reason of which it would be unjust and unconscionable to grant the relief sought.

4. SAME—*When the Statute of Limitations Will Be Applied in Equity.*—A court of equity will apply the doctrine of laches in denial of relief only where, from all the circumstances, to grant the relief to which the complainant would otherwise be entitled, will, presumptively, be inequitable and unjust, because of the delay.

5. LIMITATIONS—*Conditional Promises Not Sufficient to Remove the Bar.*—Something more than a mere acknowledgment of a debt and the amount due is necessary to remove the bar of the statute, as by way of a new promise.

Bill for Relief.—Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge presiding. Heard in this court at the October term, 1901. Affirmed in part, reversed, and remanded, with directions. Opinion filed June 5, 1902.

N. M. JONES, attorney for appellant.

F. L. SALISBURY and M. MARSO, attorneys for appellees.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

Appellant filed his bill January 4, 1898, against appellees, to prevent the collection of a judgment recovered by

the appellee Gates, on April 21, 1896, of $1,849.85 and costs, which had been affirmed on appeal to the Supreme Court November 1, 1897; for an accounting, and to set off against said judgment a claim of appellant against Gates of a note of $400 made by Gates to appellant, dated December 17, 1887, bearing interest at eight per cent per annum, and on account of $1,615.18 for goods alleged to have been sold and delivered by appellant to Gates. After the bill had been filed and a preliminary injunction issued and served on him, Gates assigned the judgment to appellee Alsever. The injunction was thereafter dissolved, when the bill was amended and another injunction issued; also a supplemental bill was filed, setting up the assignment and other matters not material to be here stated. Answers were filed, and when the issues were made the cause was referred to a master, who reported the evidence heard before him, his conclusions therefrom, and made a recommendation that the bill and supplemental bill be dismissed for want of equity. The chancellor, on a hearing of the report on exceptions thereto, confirmed it in all things, and entered a decree dismissing the bill and amended and supplemental bills for want of equity. Appellant seeks a reversal of this decree. Two principal questions are presented, which, in our opinion, are controlling as to the disposition to be made of this appeal, viz.:

First. Is appellant barred by his negligence and laches from the relief sought as to the note?

Second. Is he barred from relief as to the account for goods sold and delivered by the statute of limitations?

We will first consider some other questions in the case made by counsel, one of which is as to the jurisdiction of equity.

The master found—and the finding has received the sanction of the chancellor, has evidence tending to support it, and it is not questioned by appellees' counsel—that Gates "is insolvent to such an extent that execution against him would be unavailing." That mutual demands should be set off against each other and the balance really and justly due

Hahn v. Gates.

collected, is right, and appeals to conscience.    When the law can not give an adequate or complete remedy, a court of chancery will act and give relief.    This principle has been applied in equity where a person against whom a set-off is claimed is insolvent.    Gay v. Gay, 10 Paige (N. Y.), 376; Raleigh v. Raleigh, 35 Ill. 512; Doane v. Walker, 101 Ill. 628–43; R. R. Co. v. Field, 86 Ill. 272.

But for appellees it is said that appellant should have reduced his claims to judgment; that he had an opportunity and time to do so, but failed to avail himself thereof.    No doubt the general rule is that unliquidated or uncertain claims will not be set off in equity, but in this case there are special circumstances which excuse appellant.    It appears, from the opinion of the Supreme Court, 169 Ill. 299, that it was through the negligence of his attorney that appellant's claims were not set off in the suit by Gates against him in which the judgment was recovered.    It also appears that appellant was always told by Gates that he could not pay the note.

Appellant being deprived, by the negligence of his attorney, of his defense by way of set-off in Gates' suit against him, in all probability hoped to reverse the judgment in the Supreme Court, and in that way defeat Gates without incurring the expense of a separate suit against him, which he naturally would have expected to be useless because of Gates' insolvency.

These circumstances considered, we think are sufficient to give equity jurisdiction, and distinguish the case from the ones cited by appellees' counsel.    Relief in equity was given in case of unliquidated claims by way of set-off against judgments in the Field case, *supra*, and in Quick v. Lemon, 105 Ill. 578–86.

A further claim is that the evidence fails to show that Gates is indebted to appellant, but we think the record shows the contrary.

The master in effect finds, and the evidence supports the finding, that prior to 1893 Gates was indebted to appellant $1,615 for stone purchased of the latter by Gates, and that

in the spring of 1893, he acknowledged to an agent of appellant the correctness of the bills for stone. The master's report, being affirmed by the chancellor and sustained by the evidence, is controlling.

As to the note, the master makes no findings, except, in substance, that it was executed, that Hahn had a judgment entered upon it against Gates, which was vacated and leave given to plead, a plea in the suit filed by Gates, and the suit subsequently dismissed for want of prosecution, since which time Hahn made no effort to collect the note until the filing of the bill in this case. From these findings, and because, as he says—though there is no special finding to that effect—it was owing to Hahn's negligence that the suit on the note was dismissed, the master concludes that Hahn is not entitled to equitable relief on the note. These findings as to facts, except as to Hahn's negligence, of which there is no evidence, so far as we can find, in the record, are supported by the evidence, but the conclusion therefrom, which will be considered later, does not, in our opinion, follow. The decree affirming the report makes no further finding regarding the note. The evidence shows, and it is not denied, that this note was given by Gates to Hahn for money loaned by the latter to the former. From time to time after it was given it is shown to have been in Hahn's possession, in bank for collection, in the hands of Hahn's attorneys; that a confession of judgment was entered upon it in 1893, and it was produced and offered in evidence by his counsel on the hearing before the master. Hahn swears it had never been paid. Gates swears it had been paid, and gives details as to how it was paid, and is corroborated by one witness, but Gates' evidence in this regard is absolutely discredited by his own affidavit made in the confession case in order to secure a vacation of the judgment. It is unnecessary to state the details. After a careful reading of all the evidence relating to this note, considering the fact that there is no finding in the record by the master nor the chancellor on the question of its payment, which leaves us free to consider it as an original

question, and that the burden of proof in this respect is on the appellees, we conclude that this note was not in fact paid by Gates, and was, at the time of the filing of the bill, not barred by the statute of limitations, but was then a subsisting legal obligation from Gates to appellant.

It only remains, as to the note, to consider the conclusions of the master and chancellor that appellant, by reason of his laches and negligence, should be debarred from relief in equity.

The statute of limitations not having run, there was no reason why appellant could not have recovered in a suit at law upon the note, if we are right in our conclusion that it was not paid. A court of chancery, having jurisdiction for the purpose of allowing the set-off, may, in its discretion, proceed to give full relief to the parties. In the Gates suit appellant was not bound to plead the set-off. That was merely permissive, and it was not done, as we have seen, because of his attorney's neglect. In the separate suit upon the note it fails to appear that it was dismissed because of Hahn's negligence. He was not then a resident of Illinois.

In holding that laches and negligence should bar relief in equity, when the statute of limitations has not run, there must be special circumstances by reason of which it would be unjust and unconscionable to grant the relief sought. Stiger v. Bent, 111 Ill. 328–41; Coryell v. Klehm, 157 Ill. 462–73; Gibbons v. Hoag, 95 Ill. 45–69.

In the Coryell case, *supra*, the court say:

"A court of equity applies the doctrine of laches in denial of relief only where, from all the circumstances, to grant the relief to which the complainant would otherwise be entitled, will, presumptively, be inequitable and unjust because of the delay."

And in the Stiger case, *supra*, the court say:

"A court of equity applies the doctrine of laches in denial of relief prayed, where, the statutory period of limitations has not expired, only where, from all circumstances in evidence, to grant the relief to which the complainant would otherwise be entitled, will, presumptively, be inequitable and unjust, because of the delay to the defendants."

It should be remembered in this connection, too, that this
is not a case in which it is sought to set aside a judgment,
nor is it sought to deprive appellees of any right which in
justice or in conscience they are entitled to, but only to
off-set a just and legal demand of appellant against Gates,
of which, by the strict rules of law, he is deprived because
of Gates' insolvency and the neglect of his attorney.   The
cases, so far as we are aware, in which courts of equity
have held a litigant responsible for his attorney's negli-
gence, are in cases in which it was sought to set aside a
judgment.   We think such cases should not control the
decision here.

In fact, in none of the cases cited by appellees' counsel,
in which laches and negligence have been held a good
defense, do such equitable circumstances appear as here.
In the main, whether or not such a defense will be allowed,
depends upon the peculiar facts of each case.   It should be
remarked that the master held, and appellees do not claim
otherwise, that the appellee Alsever, being a mere assignee
of the judgment, has no greater rights than Gates.

We are of opinion that the note is a proper matter of
set-off in equity and should have been allowed to appellant
with interest at eight per cent per annum from its date.

As to the only remaining question, viz., is appellant's
claim for goods sold and delivered barred by the statute of
limitations, we are of opinion the answer must be that it is.

The evidence is clear that more than eight years elapsed
from the date of the last item of this account to the com-
mencement of this suit.   But it is said that a new promise
made in the spring of 1893 removes the bar.   The evi-
dence does not, in our opinion, support this claim.   The
evidence in this regard relied on is that of the witness
Foley, who was sent by Hahn to Gates to adjust with the
latter their accounts, and who testified, in substance, that
in the latter part of February or the first of March, 1893,
Gates admitted that he owed Hahn $1,615.18 for the stone
in question.   There was no statement made by Gates that
he would pay the bill, nor was there anything said or done

from which it could be inferred that he intended at any future time to pay. Something more than a mere acknowledgment of a debt and the amount due is necessary to remove the bar of the statute, as by way of a new promise. Even a conditional promise to pay is not sufficient to remove the bar. Boone v. A'Hern, 98 Ill. App. 610, and cases cited.

It is, however, strenuously argued that our statute, with regard to limitations (Hurd, Chap. 83, Sec. 17), permits appellant to set off this claim against the judgment, notwithstanding it is barred by limitation. This section is, viz.:

" A defendant may plead a set-off or counter-claim barred by the statute of limitation, while held and owned by him to any action, the cause of which was owned by the plaintiff or person under whom he claims, before such set-off or counter-claim was so barred, and not otherwise. Provided, this section shall not affect the right of a *bona fide* assignee of a negotiable instrument assigned before due."

In Steere v. Brownell, 124 Ill. 27, it was held that a defendant might plead in set-off a counter-claim against the plaintiff, although barred by the statute of limitations, and the set off exceeding the amount of the plaintiff's claim, a judgment for the excess was affirmed by the Supreme Court. The court held that section 17 and section 30, chapter 110, the practice act, which gives a defendant the right to plead set-off and to recover any excess, relating, as they do, to the same subject-matter, are *in pari materia*, and should be construed together. To the same effect, in principle, is the case of Brown v. Miller, 38 Ill. App. 263.

It is said that the claim of appellant should be permitted to be set off under the authority of these cases. We can not yield our assent to this view. Appellant's case is not included within the language of the statutes. It must be conceded that under section 30 appellant can claim nothing because his claim is barred by the statute of limitations. He could claim nothing as an original plaintiff in a suit at law, the statute of limitations being interposed as a defense. It is well-settled law that when the language of a statute is plain and its meaning obvious, there is no room

for judicial construction, and the courts can not disregard the language of the statute, but must enforce it as it is plainly written. Ottawa, etc., Co. v. Downey, 127 Ill. 201–4; Martin v. Swift, 120 Ill. 488–90; People v. Rose, 174 Ill. 310–16; State Board of Health v. Ross, 191 Ill. 87–92.

The plain language of section 17 gives the right of set-off to "a defendant," and to no other person, who comes within the other qualifying words of the statute. Once a defendant in the case, he comes within the purview of the statute; section 30 of the practice act is properly invoked and gives him the right to recover any excess of his set-off over the plaintiff's claim. The appellant is in no sense a defendant, but is the moving, acting litigant who seeks relief from the court. To hold that he is a defendant within the meaning and intent of this statute, in our opinion would be but judicial legislation, which must always be avoided, even though in the particular case it may appear to do equity and prevent injustice.

The decree is affirmed except as to the claim of appellant on the note of Gates, described in the bill, and interest thereon according to its tenor and effect, as to which the decree is reversed and the cause remanded, and the Circuit Court is directed to enter a decree in accordance with the views herein expressed. Each party will pay his own costs in this court and in the Circuit Court.

Affirmed in part, and reversed, and remanded with directions.