## A. Simon v. Nicholas Hengels.

1. JUDGMENTS—*Not to be Vacated Because Attorney Through Press of Other Work Did Not Present Defense.*—Even though there be a meritorious defense disclosed by the affidavits, the judgment should not be vacated where, through press of other business upon defendant's attorney, that defense is not presented.

Simon v. Hengels.

2. SAME—*Defendant Must Show Proper Diligence to be Ready for Trial.*—A judgment by default will not be set aside, although the defendant may show that he has a good defense, where it does not appear that he has exercised proper diligence to be ready for trial.

3. EXCEPTIONS—*Must Preserve Evidence to Make it Available in a Court of Review.*—Evidence not preserved by a bill of exceptions can not be considered in a court of review.

· **Action on an Appeal Bond.**—Error to the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed February 27, 1903.

M. D. BROWN, attorney for plaintiff in error.

C. A. WILLIAMS, attorney for defendant in error.

MR. JUSTICE BURKE delivered the opinion of the court.

The assignment of errors in this case is, (1) no evidence to support the verdict, (2) error in entering judgment on the verdict before defendant had opportunity to move for a new trial, and (3) error in denying motion to vacate said judgment and grant a new trial.

The record recites that the issues were joined and on September 20, 1901, the case was tried in the Superior Court, and that the jury, after hearing all the evidence adduced, returned a verdict in favor of the plaintiff, finding the amount of the debt to be $350 and assessing the plaintiff's damages at the sum of $125; and that thereafter the court entered judgment thereon. Motion was made on September 21, 1901, by plaintiff in error to vacate said judgment.

September 28th, after consideration by the court of certain affidavits filed by plaintiff in error in support of said motion, the same was overruled. It is conceded in the affidavits that plaintiff in error was indebted to defendant in error in the sum of $58.20.

The bill of exceptions purports to show no evidence other than said affidavits. One of these affidavits was made by the well known and industrious attorney for plaintiff in error, who states at length the efforts of his clients and himself to be present at the trial of this case; that plaintiff

in error was engaged in his own personal case before a justice of the peace, doubtless, at or about the time that the trial of the case at bar took place; that the presence of the attorney was required before said justice of the peace, both to appear there in court and also to notify plaintiff in error that his presence was required in the Superior Court. We are satisfied that the attorney was not idle and that too much was required of him by his client. On the other hand, defendant in error was diligent and had his witnesses in court and introduced his evidence in due form, when the case at bar was called for trial, and obtained his judgment. Of the benefit of this judgment he can not now be deprived.

In Schultz v. Meiselbar, 144 Ill. 26, it is held that even though there be a meritorious defense disclosed by the affidavits, the judgment should not be vacated where, through press of other business upon defendant's attorney, that defense is not presented.

It is the duty of the client not to prevent, but rather to secure the presence of an attorney to present his defense. It is a well established rule that a judgment by default will not be set aside, although the defendant may show that he has a good defense, where it does not appear that he has exercised proper diligence to be ready for trial. Mendell v. Kimball, 85 Ill. 582; Hahn v. Gates, 169 Ill. 299; Barrett v. Queen City Cycle Co., 179 Ill. 68.

The bill of exceptions filed in this case does not purport to contain the evidence introduced upon the trial. It is impossible to say from this record that the affidavits presented show a good defense even to a part of the claim. No error was therefore committed by the court in overruling motion to vacate the judgment.

Counsel for plaintiff in error insists that there is no evidence to support the verdict. He has not preserved the evidence and brought it into this court by a proper bill of exceptions. We shall therefore presume that there was sufficient evidence to sustain the verdict of the jury. Miller v. Glass, 118 Ill. 443; Law v. Sanitary District, 197 Ill. 523.

The judgment of the Superior Court is affirmed.