# Edward Strohm, Appellee, v. John Fachet and Joseph Galla, Appellants.

## Gen. No. 18,978.

1. EXECUTION, § 305*—*liability on appeal bond in ca. sa.* Where the petition of a debtor, imprisoned under a *capias ad satisfaciendum,* for his release from custody was denied by the County Court and, pending an appeal, he was released on a bond given under the provisions of R. S. ch. 72, par. 26 J. & A. ¶ 6225, but on the dismissal of the appeal failed to surrender to the sheriff, the surety on the bond is liable absolutely for the debt, although there was no proof that the debtor had disposed of any of his estate pending the appeal, or that any demand was ever made on either the debtor or his surety for his surrender.

2. EXECUTION, § 305*—*nature of appeal bond in ca. sa.* An appeal bond given by a debtor under the provisions of R. S. ch. 72, par. 26, J. & A. ¶ 6225, upon the denial by the County Court of a petition for his release from imprisonment under a *capias ad satisfaciendum,* is not a mere cost bond, but is intended to protect the creditor's rights in his claim.

Appeal from the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed February 3, 1914. Rehearing denied February 24, 1914.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

GEORGE REMUS, for appellants.

JOSEPH A. WEBER, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

This appeal is from a judgment in debt recovered in the Circuit Court of Cook county on an appeal bond. The action was brought by Edward Strohm, appellee, against John Fachet and Joseph Galla, appellants.

A tort judgment was rendered in the Superior Court of Cook county in favor of Edward Strohm, plaintiff, against John Fachet, defendant. Subsequently, John Fachet was arrested and imprisoned on a *capias ad satisfaciendum* issued out of the Superior Court, and thereupon John Fachet filed his petition in the County Court of Cook county, asking to be released from his imprisonment pursuant to the provisions of the Insolvent Debtors' Act. The petition was amended, and on the hearing of the amended petition the County Court denied the prayer for release and dismissed the amended petition, and remanded the petitioner, John Fachet, to the custody of the sheriff. Thereupon Fachet prayed for and was granted an appeal to this court from the remanding order of the County Court, and the appeal was perfected by filing the appeal bond sued on with Joseph Galla as surety thereon. Fachet was thereupon released from custody in accordance with the terms of said appeal bond, pending the hearing and determination of the appeal in this court. The cause came on for hearing in this court and the appeal was dismissed. This action was commenced on the appeal bond by Strohm against Fachet and his surety, Galla, in the Circuit Court of Cook county, and resulted in a verdict and judgment for the plaintiff for debt of $1,250, to be satisfied on the payment of damages in the amount of $1,123.05.

The only question presented for decision on this appeal is the extent of the liability of the surety on the

bond sued on.   The bond declared on is the statutory bond provided for in paragraph 26, chapter 72 of the Revised Statutes (J. & A. ¶ 6225), and the conditions of the bond conformed to the provisions of the statute.

The plaintiff, to maintain the issue on his part, offered in evidence a certified copy of the judgment described in the bond rendered by the Superior Court of Cook county, and proved the genuineness of the signatures to the bond.   Plaintiff also proved that the sheriff, prior to the time of the giving of the bond, had the defendant, Fachet, under arrest under a *capias ad satisfaciendum* issued out of the Superior Court on the judgment offered in evidence.   Proof was also made that the defendant, Fachet, had never surrendered himself to the sheriff, after the dismissal of the appeal on which the bond in question was given.

The contention of appellant is that no proof of damages was made by the plaintiff, appellee, on the trial, justifying the judgment appealed from; that at most, under the evidence, the plaintiff was entitled to judgment for costs in the court below; that there was no proof made by the plaintiff tending to show that John Fachet had disposed of any of his estate pending his appeal from the remanding order of the County Court, or that any demand was ever made upon Fachet to surrender his body to the sheriff, or that any demand was ever made on Joseph Galla, the surety on the bond, to surrender his principal in order that he might be reincarcerated under the *capias ad satisfaciendum* issued on the tort judgment.   The argument is also advanced that the statute does not contemplate that the bond given in case the County Court remands the debtor into the custody of the sheriff is a security for the debt in any sense, and cites the provisions of the statute and the conditions of the bond.

The condition of the bond sued on is as follows:

"Now, Therefore, if the said John Fachet will prosecute his said appeal with effect, and in case the appeal is dismissed, or the order or judgment of the said County Court is affirmed, in whole or in part, he will

perform the same, and will appear before and abide by whatever decision the said Appellate Court shall make in the premises, and pay all costs that may be awarded against him, the said John Fachet.

And also, that he will not sell or dispose of any of his estate pending such appeal, but that the same shall be forthcoming and subject to the order of the said County Court, then the above obligation to be void, otherwise to remain in full force and effect.''

The condition of the bond conforms to and follows the provisions of the statute. We regard the question presented by this record and by appellants' argument as settled and determined by the case of *Maher v. Huette*, 89 Ill. 495. In that case precisely the same kind of bond was before the court, a bond given under the same statute, and it was there held as follows:

''All the rights of the creditor are fully protected in this way. He has a bond, with good security, and in sufficient amount to cover his claim, so conditioned that if the debtor failed to appear and surrender himself into custody at the proper time, the security upon the bond would be absolutely liable for the amount of the debt.''

While it is true that the precise question here involved was not presented for decision in the *Maher* case, *supra*, yet, in deciding the questions there presented, the court necessarily construed the statute and the bond given under the statute. If the courts should hold, or had held, as appellants claim it should be held, that the bond was not given as security for the amount of the debt, and that the bond contemplated in the statute is a mere cost bond, it would then be possible for a debtor in a tort judgment, who had been arrested under a *capias ad satisfaciendum*, by merely petitioning the court for a release from the writ under which he was imprisoned, to take an appeal and, by giving a mere cost bond, secure his release. The Supreme Court did not so construe the bond and rightly, we think, because such a construction would take away from the creditor the substantial right which the statute gives him of imprisoning the debtor under the

judgment unless such debtor would turn over his property for the benefit of the creditor, or a sufficient amount of property to pay the judgment. It is no hardship on the debtor, or the surety on his bond, to hold him liable for the amount of the debt under the proof in this case. The debtor did not perform the judgment of the County Court by surrendering himself. He failed, under the proof in this case, to appear and surrender himself into custody at the proper time. The surety on the bond did not cause the debtor to be delivered over to the sheriff and surrender him into custody at the proper time. The surety on the bond, therefore, as well as the principal, became absolutely liable for the amount of the debt.

The judgment is affirmed.

*Affirmed.*