## Tillie Ciemelowski, Defendant in Error, v. John Novak and Jennie DeRocher, Plaintiffs in Error.

### Gen. No. 20,767.

1. JUDGMENT, § 146*—*when engagement of counsel in another court not ground for setting aside judgment by default.* The fact that defendant's counsel was engaged in another court when the case was reached for trial is not ground for setting aside a judgment by default.

2. APPEAL AND ERROR, § 1858*—*when obligors on appeal bond liable.* Where the defendant in whose behalf an appeal bond is given under the Insolvent Debtors' Act (J. & A. ¶ 6223) fails to prosecute his appeal with effect, but permits it to be dismissed and, after the dismissal, does not appear and surrender himself into custody at the proper time, there is a breach of these conditions of the bond which renders the obligors liable on the bond for the amount of the damages sustained by the plaintiff.

3. APPEAL AND ERROR, § 1886*—*what judgment on appeal bond proper.* On a breach of the conditions of an appeal bond, both the surety and the principal become absolutely liable for the damages, and on a verdict for debt and damages for the plaintiff, it is proper to enter a judgment for debt and damages, the judgment for debt to be discharged on payment of judgment for damages and costs.

Error to the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 8, 1915.

GEORGE REMUS, for plaintiffs in error; MORRIS K. LEVINSON, of counsel.

ROBERT F. MUNSELL, for defendant in error; L. J. HAIGLER, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

This writ of error brings in review a judgment of the Superior Court on an appeal bond given by Novak as principal and DeRocher as surety to Ciemelowski,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

plaintiff, in the Superior Court. The plaintiff recovered in the Superior Court, December 21, 1912, a judgment in trespass for assault and battery against Novak and he was arrested March 7, 1913, on a *ca. sa.* issued on the judgment. He then filed a petition in the County Court for release under the Insolvent Debtors' Act, his petition was denied and he prayed and was allowed an appeal on giving bond, and the bond sued on was given. Novak filed a plea of nonassumpsit and June 30, 1914, asked leave to file pleas *puis darrein continuance.* The next day, July 1st, when the case was reached for trial, Novak failed to appear and the trial proceeded in his absence and resulted in a judgment for $509.80 damages. July 16th the court denied his motion to file said pleas on the ground that neither of them stated a defense to the action.

We think the court did not err in refusing to set aside the judgment on the ground that defendant's counsel was engaged in another court. *Schultz v. Meiselbar,* 144 Ill. 26.

The bond sued on is not a bail bond but an appeal bond given under the Insolvent Debtors' Act. The condition of the bond is as follows:

"Now Therefore, if the said John Novak will prosecute his said appeal with effect and in case the appeal is dismissed, or the order or judgment of the said County Court is affirmed, in whole or in part, he will perform the same, and will appear before and abide whatever decision the said Appellate Court shall make in the premises, and pay all costs that may be awarded against him, the said John Novak, and also, that he will not sell or dispose of any of his estate pending the order of the said County Court, then the above obligation to be void, otherwise to remain in full force and effect."

Novak did not prosecute his appeal with effect, but permitted it to be dismissed. This was a breach of the condition of the bond. He did not, after the dismissal of his appeal, appear and surrender himself

into custody at the proper time. We think that the obligors were liable on the bond for the amount of damages sustained by the plaintiff. *Strohn v. Fachet*, 185 Ill. App. 127; *Maher v. Huette*, 89 Ill. 495.

The surety on the appeal bond, as well as the principal, became absolutely liable to the plaintiff for the damages, and the jury properly found a verdict for plaintiff for $800 debt and $509.80 damages. The court properly entered judgment on the verdict for debt and damages, judgment for debt to be discharged on payment of judgment for damages and costs, and the judgment is affirmed.

*Affirmed.*