Charles E. Schick and Robert H. Beard, copartners, trading as Schick & Beard, Appellees, v. W. W. Durham, Appellant.

## Gen. No. 23,185.

1. MUNICIPAL COURT OF CHICAGO, § 19*—*when no abuse of discretion in refusing to vacate judgment.* Where, on the return day of a summons, to which defendant had prior thereto filed his appearance and demand for a jury trial, the case was transferred by another judge of the Municipal Court than the one then holding court in the branch room to which the summons was made returnable, and was again the next day transferred to a third judge, who on the same day transferred it to a fourth judge, who thereupon tried the case before a jury, and judgment was entered against the defendant and execution issued, and three days later defendant served plaintiff with notice of motion to vacate and set aside the judgment, supported by affidavit, claiming to have been misled into not appearing at the trial by a publication in the Daily Municipal Court Record on the evening of the return day of the summons of a purported order, which was not in fact made, of the judge then holding court in the branch room to which the summons was made returnable that the case was on the next jury calendar, *held* that there was no abuse of discretion in overruling the motion.

2. TRIAL—*necessity of diligence in conduct of legal proceedings.* Great diligence by one party to litigation can never be said to be a justification for or a condonation of negligence on the part of another party thereto, since in the prosecution and conduct of all legal proceedings the law requires reasonable diligence.

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed December 28, 1917.

LOESCH, SCOFIELD, LOESCH & RICHARDS, for appellant; GUERNSEY ORCUTT, of counsel.

MARCUS J. GOLDEN, for appellees; JOHN J. WHITESIDE, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

This is an appeal from an order of the Municipal Court overruling a motion of the appellant to set aside a judgment. On January 3, 1917, appellees filed a statement of claim alleging that there was due them the sum of $46.25 for a breach of a contract concerning certain commissions. On January 3, 1917, a summons was issued, returnable January 10, 1917, at 9:30 a. m. at Branch No. 6, Room 913 of the Municipal Court. On January 8, 1917, appellant filed his appearance and demanded a trial by jury. On the return day, January 10, 1917, the case was called before Judge Doyle, and, on the evening of that day, the Daily Municipal Court Record published (as an order entered on that date, by Judge Doyle, who was, on that date, presiding in Room 913, Municipal Court of Chicago) the following: "591392, Schick v. Durham. Next Jury Calr." The actual record of the case shows, however, that on the day the case was called before Judge Doyle, that is, January 10, 1917, it was transferred by Judge Olson to Judge Goodnow; that on the next day, January 11, 1917, it was transferred by Judge Goodnow to Judge Olson; that on the same day it was transferred by Judge Olson to Judge Gemmill, and, before him, tried by a jury and, after verdict, judgment entered thereon in favor of appellee for $46.25 and costs. An execution was duly issued on January 13, 1917, and a demand made upon the appellant.

On January 16, 1917, appellant notified appellees, in writing, that on the following day it would move the court to vacate and set aside said judgment. In support of its motion it filed an affidavit and also served a copy on appellees. On January 17, 1917, the motion was duly made, heard and overruled. This appeal was instituted to reverse the action of the trial judge in refusing to vacate and set aside the judg-

ment of January 11, 1917. It is claimed by the appellant that he was misled by the publication in the Daily Municipal Court Record of the following words and figures: "591392, Schick v. Durham. Next Jury Calr." As a matter of fact no such order was made and the published statement was wrong. It was entirely erroneous, and, to any one relying upon it, misleading. We are of the opinion, however, that appellant was not justified in relying entirely upon the above-mentioned publication. The claim of appellant that the action of the trial judge, in overruling the motion to vacate, in view of all the circumstances of the case, was arbitrary and an abuse of the discretionary powers of the court. In *Hartford Life & Annuity Ins. Co. v. Rossiter,* 196 Ill. 277, Mr. Justice Hand said: "The rule is that diligence and merit must both be shown, and when it appears that the party defaulted has failed to exercise due diligence to protect his rights, it has never been held an abuse of discretion to refuse to vacate a default judgment." Diligence must be shown. *Barrett v. Queen City Cycle Co.,* 179 Ill. 68; *Schultz v. Meiselbar,* 144 Ill. 26.

In their briefs, counsel for appellant urge that the judgment resulted from "the undue diligence on the part of counsel for the appellees." Great diligence by one party, however, can never be said to be a justification for, or a condonation of, negligence on the part of another. In the prosecution and conduct of all legal proceedings, at the peril of every participant, and even though sometimes a manifest hardship results, the law requires reasonable diligence.

Bearing in mind, therefore, the regularity of the orders (that were actually made in the instant case) and the opportunity the appellant had, by proper diligence, to protect his rights and be present in court when his case was considered, notwithstanding the publication to which reference is made, we are unable to conclude that the trial judge, in the exercise of that

discretion with which the law empowers him, erred in refusing to vacate the judgment.

Finding no error in the record the judgment is affirmed.

*Affirmed.*