Ben Carnahan, Plaintiff, v. John McKinley, Defendant.
John McKinley, Counter Plaintiff-Appellant, v. Ben
Carnahan, Counter Defendant-Appellee.

Gen. No. 66-74.

Fifth District.

February 28, 1967.

Twente & Jelliffe, of Harrisburg, for counterplaintiff-appellant.

Fowler & Novick, of Marion, for counterdefendant-appellee.

MORAN, P. J.

This is an appeal from a judgment of the Circuit Court of Saline County, Illinois, dismissing the defendant's counterclaim on the ground that it was barred by the statute of limitations.

On September 5, 1963, the plaintiff, Ben Carnahan, filed his complaint against the defendant, John McKinley, for damages arising out of an automobile accident which occurred on October 7, 1962. On April 1, 1965, after having withdrawn a motion attacking the complaint, the defendant filed an answer and counterclaim against the plaintiff which sought damages for injury to the defendant's automobile (Count I) and damages for personal injuries (Count II). The trial court granted the plaintiff's motion to dismiss Count II, holding that the counterclaim for personal injuries was barred by the statute of limitations. It further ordered that there was no just reason to delay appeal from the judgment and that the judgment was a final order.

The sole issue before this court is whether the defendant's counterclaim for personal injuries was barred by Ill Rev Stats, c 83, § 15, providing that "actions for damages for an injury to the person . . . shall be commenced within two years next after the cause of action accrued." The defendant argues that the counterclaim should not be barred because Ill Rev Stats, c 83, § 18, excepts certain actions from the general limitation statute and that his counterclaim falls within the exception. Section 18 provides that:

> A defendant may plead a set-off or counter claim barred by the statute of limitation, while held and owned by him, to any action, the cause of which was owned by the plaintiff or person under whom he claims, before such set-off or counter claim was so barred, and not otherwise; . . .

The plaintiff, on the other hand, contends that this section, "properly interpreted," does not remove the bar of the two-year statute of limitations from the defendant's counterclaim. He argues that the intention of the legislature in enacting this section is to be ascertained as of 1872, when the section was enacted, and that, at that time, a defendant sued in tort could not, by counterclaim, setoff, or otherwise, assert an affirmative claim for his damages sustained in the same occurrence which was the subject matter of the action and that we should construe the section to have the same meaning now that it had at the time it was enacted.

The meaning of a section must be determined by a reading of the entire statute. City of East St. Louis v. Touchette, 14 Ill2d 243, 150 NE2d 178. Ill Rev Stats, c 83, was enacted in 1872 and was subdivided into two categories—real and personal actions. Sections 13–24 purport to deal with personal actions. Section 13 provides that "the following actions can only be com-

menced within the periods hereinafter prescribed, except when a different limitation is prescribed by statute." Sections 14–17 list different types of personal actions and their corresponding limitations, one of which is an action for damages for an injury to the person (section 15). Following these five sections is section 18, dealing with "setoffs and counterclaims." From a review of the entire statute, we find that the language of section 18 is clear and unambiguous and applies to all the types of personal actions enumerated in other sections.

 Where the language of the statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation, and the court has no right to look for or impose another meaning. In the case of such unambiguity, it is the established policy of the courts to regard the statute as meaning what it says, and to avoid giving it any other construction than that which its words demand. The plain and obvious meaning of the language used is not only the safest guide to follow in construing it, but it has been presumed conclusively that the clear and explicit terms of a statute expresses the legislative intention, so that such plain and obvious provisions must control. A plain and unambiguous statute is to be applied, and not interpreted, since such a statute speaks for itself, and any attempt to make it clearer is a vain labor and tends only to obscurity. Sup v. Cervenka, 331 Ill 459, 163 NE 396; In re Estate of Kent, 4 Ill2d 81, 122 NE2d 229; Salmons v. Dutz, 16 Ill App2d 356, 148 NE2d 17; 50 Am Jur, Statutes, § 225.

 Chapter 83, section 18, clearly authorized the pleading of a counterclaim, otherwise barred by the statute of limitations, to any action, the cause of which was owned by the plaintiff before such counterclaim was barred. Since the counterclaim of the defendant meets these requirements, it is not barred by the statute of limitations and should not have been dismissed.

For the foregoing reasons, the judgment of the lower court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

GOLDENHERSH and EBERSPACHER, JJ., concur.