LEO P. DIGNAN, Adm'r of the Estate of Jean Marie Dignan, Deceased, Plaintiff, *v.* MIDAS-INTERNATIONAL CORPORATION *et al.*, Defendants.—(DENNIS DOHERTY, Counterclaimant-Appellant, *v.* MIDAS-INTERNATIONAL CORPORATION *et al.*, Counterdefendants-Appellees.)

First District (5th Division)   No. 77-1843

Opinion filed October 20, 1978.

Douglas W. Graham, of Chicago, for appellant.

Garbutt, Jacobson & Lee, Associated, of Chicago (Jerome J. Jacobson and Mary A. Mulhern, of counsel), for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Dennis Doherty appeals from an order dismissing his counterclaim, contending that the dismissal of his counterclaim on the grounds that it was barred by the statute of limitations (Ill. Rev. Stat. 1975, ch. 83, par. 14) was erroneous.

The following facts are pertinent to the disposition of this appeal.

On June 6, 1975, plaintiff filed a complaint alleging that the death of Jean Marie Dignan on January 6, 1974, was caused by the negligent acts of defendants. Specifically, the complaint cited the alleged negligent design and sale of a defective automobile exhaust system by Midas-International Corporation; the alleged negligent sales and installation of that system in an automobile, owned by one Mary Doherty, by Richard J. Hoyne and Ernest J. Hoyne, doing business as a partnership which owned and operated a Midas Muffler Shop franchise; and the alleged negligent operation of the aforesaid automobile by Dennis Doherty while the deceased was a passenger therein. On August 8, 1977, Dennis Doherty filed his counterclaim against all co-defendants for their allegedly negligent acts which contributed to the personal injuries he suffered in the same incident described in plaintiff's complaint. Counterdefendants Richard J. and Ernest J. Hoyne responded with a motion to strike the counterclaim on the grounds that it was filed more than two years after the date of the alleged injury and was therefore barred by the statute of limitations. On September 29, 1977, the trial court issued an order finding

that Doherty's counterclaim was barred by the statute of limitations and ordering that it be dismissed. He then filed his notice of appeal.

OPINION

Doherty contends that the dismissal of his counterclaim was error. We note that the claim was filed more than two years after the date of the alleged injury and would therefore normally be barred by the statute of limitations. (See Ill. Rev. Stat. 1975, ch. 83, par. 14.) In support of his argument that the result should not occur in this case, he first cites section 38(1) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 38(1)), which provides in part that:

> "[A]ny demand by one or more defendants against * * * one or more co defendants, whether in the nature of set-off, recoupment, cross-bill in equity, cross demand or otherwise, and whether in tort or contract, * * * may be pleaded as a cross demand in any action, and when so pleaded shall be called a counterclaim."

He also cites section 17 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 18), which "saves" otherwise barred claims by providing that:

> "A defendant may plead a set-off or counter claim barred by the statute of limitation, while held and owned by him, to any action, the cause of which was owned by the plaintiff or person under whom he claims, before such set-off or counter claim was so barred, and not otherwise * * *."

Doherty points out that this cause was commenced and owned by plaintiff before the expiration of the statute of limitations. He therefore argues that because the Civil Practice Act provides that a demand filed by one defendant against another "shall be called a counterclaim," and by virtue of the "saving" provision of section 17 of the limitations statute, the claim which he filed against his co-defendants is not barred and should not have been dismissed.

A number of cases which have construed section 17 of the limitations statute have found that according to its plain meaning, a defendant is allowed to counterclaim to his plaintiff's complaint even though, if no suit had been commenced, defendant's claim would have been barred by the statute of limitations. (See, *e.g., Kuh v. Williams* (1973), 13 Ill. App. 3d 588, 301 N.E.2d 151; *Carnahan v. McKinley* (1967), 80 Ill. App. 2d 318, 224 N.E.2d 297.) It has been suggested that the adoption of this rule has placed Illinois in line with other jurisdictions and the general rule as it is expressed in 51 Am. Jur. 2d *Limitation of Actions* §78 (1970). (See *People ex rel. City of Des Plaines v. Village of Mount Prospect* (1975), 29 Ill. App. 3d 807, 331 N.E.2d 373.) We have not found, and Doherty concedes that he cannot cite, any Illinois case which has issued or approved his proposed construction of the two statutes which he cites. As

counterdefendants note, however, these two statutes were construed in *Eddy v. Yellow Cab Co.* (N.O. 1977), 434 F. Supp. 447. In that case, defendant Anna Crowley attempted to file a cross-claim against co-defendant Herbert Williams, alleging injury as a result of the same occurrence which was the subject of plaintiff's complaint. The parties conceded that the Illinois statute of limitations would normally operate to bar the filing of the cross-demand. Defendant Crowley nevertheless cited the same statutes cited in this case, and argued, as Doherty does here, that the combined effect of those statutes was to "save" the otherwise barred claim. Although the court noted that the claim would be called a counterclaim under the Illinois Civil Practice Act, it rejected defendant Crowley's argument. In making "its best determination of what Illinois would hold to be its law given the facts as here" (434 F. Supp. 447, 448, n. 2), the court reasoned that:

> "On its face, Ill. Rev. Stat. ch. 83, §18 permits only a defendant to plead an otherwise barred set-off or counterclaim. And while Crowley is a named defendant vis a vis the Eddys, she is not merely a defendant vis a vis Williams. Rather, she is an active litigant seeking relief for her injuries, as a cross-claimant, from a passive co-party.
>
> * * *
>
> Further, Ill. Rev. Stat. ch. 83, §18 permits a defendant to plead a set-off or counterclaim barred by the statute of limitations only *to* any action, the cause of which was owned *by the plaintiff* before said set-off or counterclaim was barred. *Carnahan v. McKinley,* 80 Ill. App. 2d 318, 321, 224 N.E.2d 297, 299 (5th Dist. 1967). (emphasis added). Crowley, however, is not pleading against the plaintiff and her claim must be dismissed for this reason also. Ill. Rev. Stat. ch. 83, §18 permits Crowley to assert any claim she might have in response to that for which she is being sued but does not, in this court's opinion, allow her to plead an otherwise stale claim against Williams." 434 F. Supp. 447, 448.

■■ ■ This reasoning is persuasive and should be adopted in this case. Counterclaimant relies on the fact that the word "counterclaim" is used in both the saving provision of the statute of limitations and section 38 of the Civil Practice Act. The primary consideration in construing statutes, however, is to give effect to the intent of the legislature; in ascertaining this intent, a court should consider the evil to be remedied and the object to be attained. (*People v. Bratcher* (1976), 63 Ill. 2d 534, 349 N.E.2d 31.) Proper statutory interpretation cannot be based simply on language, but must instead be grounded on the nature, objects and consequences which would result from one construction or another. (*Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, 373 N.E.2d 1332.) The notes following section 38(1)

of the Civil Practice Act state that the statute "did away with all former technicalities" regarding the pleading of cross-demands. (Ill. Ann. Stat. ch. 110, par. 38, Historical and Practice Notes, at 6 (Smith-Hurd 1968).) This statute's simplification of terminology, by providing for a general use of the word "counterclaim," should not be held to defeat the intended effect of section 17 of the statute of limitations, which insures that a defendant will be able to respond to his plaintiff's action. Under the statute, a plaintiff is prevented from delaying his filing so that, while his pleading comes within the time period of the statute of limitations, any counterclaim that the defendant might seek to file in response would be outside the period and therefore barred. Doherty does not invoke the saving statute for this purpose, but rather seeks relief for an otherwise stale claim from passive co-defendants. He therefore "is in no sense a defendant, but is the moving, acting litigant who seeks relief from the court. To hold that he is a defendant within the meaning and intent of this statute, in our opinion would be but judicial legislation, which must always be avoided * * *." (*Hahn v. Gates* (1902), 102 Ill. App. 385, 392.) Based on the foregoing, the order of the circuit court dismissing the counterclaim is affirmed.

Affirmed.

WILSON and MEJDA, JJ., concur.