Paul P. EDDY, and Mary Ann Eddy, Plaintiffs,

v.

YELLOW CAB COMPANY, Anna Crowley, and Herbert Williams, Defendants.

Anna CROWLEY, Cross-Claimant,

v.

Herbert WILLIAMS, Cross-Defendant.

No. 76 C 3387.

United States District Court, N. D. Illinois, E. D.

June 27, 1977.

Finn, LeSueur & Challos, Chicago, Ill., for plaintiffs Eddy.

Wyatt Jacobs and David A. Novoselsky, Chicago, Ill., for cross-claimant Crowley.

Ronald A. Orner, Norton Wasserman, and G. Moore, Chicago, Ill., for defendant Williams.

Jesmer & Harris, Chicago, Ill., for cross-defendant Yellow Cab Co.

MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This cause is before the court on the motion of defendant and cross-defendant Herbert Williams to dismiss the cross-claim of defendant and cross-claimant Anna Crowley. For the reasons hereinafter stated, the motion shall be granted.

On September 13, 1976, Paul and Mary Eddy filed a two count complaint against

the Yellow Cab Company ("Yellow"), Anna Crowley, and Herbert Williams. It is alleged that Paul Eddy was a passenger in a cab, owned by Yellow and driven by Crowley, which struck a vehicle owned by Williams thereby causing injury to plaintiffs. All defendants answered the complaint. However, with her answer, Crowley filed a cross-claim against Williams alleging injury as a result of the same occurrence which is the subject of the Eddy complaint. Williams has moved to strike the cross-claim as barred by the applicable two year statute of limitations, Ill.Rev.Stat. ch. 83, § 15.[1]

The parties before the court on this motion agree that the occurrence at issue took place on December 23, 1974, and that the cross-claim was filed in 1977. They also agree that the statute of limitations applicable to the cross-claim is that of Illinois. At issue is whether Crowley's action for damages as a result of her alleged personal injury, which must be brought within two years of the date of the occurrence pursuant to Ill.Rev.Stat. ch. 83, § 15, is "saved" by Ill.Rev.Stat. ch. 83, § 18 which provides:

> A defendant may plead a set-off or counter claim barred by the statute of limitation, while held and owned by him, to any action, the cause of which was owned by the plaintiff or person under whom he claims, before such set-off or counter claim was so barred, and not otherwise: . . . .

Williams maintains that the language of the statute permits a defendant to utilize a barred claim only against a party who has filed suit against him. Crowley, on the other hand, contends that as there is no distinction in Illinois between cross-claims and counterclaims, her cross-claim is explicitly permitted by the statute.[2]

Under Illinois law, it is true as Crowley notes that no distinction is made in the Civil Practice Act, Ill.Rev. Stat. ch. 110, § 1 *et seq.*, between demands between plaintiffs and defendants or between defendants. Rather, all such pleadings are called counterclaims. Ill.Rev.Stat. ch. 110, § 38(1). This fact, however, does not dispose of the issue whether Crowley's pleading, which is a cross-claim under Fed.R.Civ.P. 13(g) and a counterclaim under Ill.Rev.Stat. ch. 110, § 38(1), is proper under Ill.Rev.Stat. ch. 83, § 18.

■ On its face, Ill.Rev.Stat. ch. 83, § 18 permits only a defendant to plead an otherwise barred set-off or counterclaim. And while Crowley is a named defendant vis a vis the Eddys, she is not merely a defendant vis a vis Williams. Rather, she is an active litigant seeking relief for her injuries, as a cross-claimant, from a passive co-party. As such, she is not protected by this statute. *Cf. Hahn v. Gates,* 102 Ill.App. 385, 392 (1st Dist. 1902).

■ Further, Ill.Rev.Stat. ch. 83, § 18 permits a defendant to plead a set-off or counterclaim barred by the statute of limitations only *to* any action, the cause of which was owned *by the plaintiff* before said set-off or counterclaim was barred. *Carnahan v. McKinley,* 80 Ill.App.2d 318, 321, 224 N.E.2d 297, 299 (5th Dist. 1967). (emphasis added). Crowley, however, is not pleading against the plaintiff and her claim must be dismissed for this reason also. Ill. Rev.Stat. ch. 83, § 18 permits Crowley to assert any claim she might have in response to that for which she is being sued but does not, in this court's opinion, allow her to plead an otherwise stale claim against Williams.

For the reasons stated, it is therefore ordered that the cross-claim of defendant and cross-claimant Anna Crowley shall be, and the same is hereby, dismissed.

---

1. Williams initially moved to dismiss the cross-claim for lack of subject matter jurisdiction as well but has since conceded that jurisdiction exists.

2. As neither party has cited an Illinois decision on point and the court has been unable to locate one, the court will make its best determination of what Illinois would hold to be its law given the facts as here. *Bernhardt v. Polygraphic Company of America, Inc.,* 350 U.S. 198, 209, 76 S.Ct. 273, 100 L.Ed. 199 (1956) (concurring opinion of Justice Frankfurter.)