SIGURD VILAND, Plaintiff and Counterdefendant-Appellant, *v.* JAMES E. McELVAIN, INC., Defendant and Counterplaintiff-Appellee.

Third District     No. 81-257

Opinion filed January 22, 1982.—Rehearing denied February 24, 1982.

Mike Sorokas, of Barton & Barton, of Marseilles, for appellant.

Dallas Ingemunson, of Yorkville, and Wayne McFarland, Jr., of Peacock & Peacock, of Morris, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The parties to this appeal have done business together over a period of years. They have been involved in many contracts, predominantly oral, for the performance of road construction work and the supply of men and machinery. As is not uncommon, the ultimate resolution of who owes whom and how much is decided in the courtroom. A prologue to the instant appeal would be lengthy. It would involve several lawsuits and issues never adjudicated because of procedural defects. Accordingly, our recitation of the facts is as brief as necessary for the instant appeal; we refer to the earlier lawsuits only as required for resolution of the one narrow issue before this court today: May the plaintiff file a setoff or counterclaim against the defendant's counterclaim?

On July 21, 1975, plaintiff Sigurd Viland filed a complaint in the Grundy County Circuit Court against defendant James E. McElvain Co., Inc. This complaint alleged that McElvain owed Viland $26,303.04 under the terms of an oral contract which provided that Viland would supply labor and equipment to McElvain on a road building project known as "Collins Road Project" in Grundy County.

On March 20, 1981, defendant McElvain answered the complaint and was permitted to file as a counterclaim his claim against plaintiff Viland for allegedly improper work done by Viland on another oral contract, this one entered into on April 27, 1973, for work on the "Griswold Springs Road Project" in Kendall County. Plaintiff Viland then moved to file a setoff and counterclaim, based on the Griswold Project, against the defendant's counterclaim.

The Griswold Project was the subject of an earlier suit brought by plaintiff Viland against the defendant in Kendall County. Plaintiff Viland claimed that defendant McElvain owed him money for work on the road project. Defendant McElvain counterclaimed for the costs it incurred due to plaintiff Viland's alleged improper work. However, in February 1981, the Kendall County Circuit Court ordered the case dismissed because plaintiff Viland's claim was time barred by the statute of limitations (Ill. Rev. Stat. 1979, ch. 83, par. 16).

After plaintiff Viland moved to file his setoff (based on the Griswold Project) against defendant's counterclaim (also based on the Griswold Project), the defendant objected to plaintiff's motion because it claimed that the Kendall County Circuit Court's dismissal of the Griswold suit was an adjudication on the merits which barred the plaintiff's claim thereupon forever. Plaintiff contends that the Kendall County dismissal was under

section 16 of the Illinois statute of limitations and was therefore not an adjudication on the merits.

The Grundy County Circuit Court denied the plaintiff's motion to file a setoff and counterclaim. The court ruled that the order dismissing the Kendall County complaint was an adjudication on the merits and was dispositive of the issues arising from the plaintiff's setoff and counterclaim.

On appeal, plaintiff Viland alleges that it was error to deny his motion to file a setoff. We agree.

The plaintiff's claim based on the Griswold Project was barred by the Illinois statute of limitations. However, the very same statute provides a remedy for time barred claims in that they may be pleaded as a setoff and counterclaim. Clearly such remedy is available to plaintiff Viland. Specifically, it is provided that:

> "A defendant may plead a set-off or counter claim barred by the statute of limitation, while held and owned by him, to any action, the cause of which was owned by the plaintiff or person under whom he claims, before such set-off or counter claim was so barred, and not otherwise: Provided, this section shall not affect the right of a bona fide assignee of a negotiable instrument assigned before due." Ill. Rev. Stat. 1979, ch. 83, par. 18.

When plaintiff's claim against defendant McElvain on the Griswold Project was dismissed because it was not commenced within the time provided by the Illinois statute of limitations, the dismissal was not an adjudication on the merits of the claim. Defendant McElvain waived the bar of the statute by filing a claim on the Griswold Project in the form of a counterclaim in plaintiff Viland's suit based on the Collins Road Project. Thus, it was error to deny plaintiff Viland's statutory right to file his Griswold Project claim as a setoff or counterclaim.

For the reasons herein stated, the judgment of the Grundy County Circuit Court is reversed and remanded for proceedings consistent with this opinion.

Reversed and remanded.

ALLOY and STOUDER, JJ., concur.