SIXTH DIVISION

JUNE 18, 2004

No. 1-03-2891

MARVIN MERMELSTEIN, Individually and ) Appeal from the

Derivatively as a Shareholder on Behalf of ) Circuit Court of

Preferred Enteral Systems, Inc., ) Cook County

)

Plaintiff-Appellee, )

)

v. )

)

ERIC ROTHNER, MARC SIEBZENER, ) No.  91 CH 5470

NOAH WOLFF, and MEYER MAGENCE, )

)

Defendants )

)

)

)

(Preferred Enteral Systems, Inc., ) Honorable

) Sophia H. Hall

Defendant-Appellant.) ) Judge Presiding.

JUSTICE TULLY delivered the opinion of the court:

This appeal calls upon us to clarify the interaction of two sections of the Limitations Act (the Act) (735 ILCS 5/13--101 
et seq.
 (West 2002)).  Following protracted litigation between the parties, the trial court granted a directed verdict in favor of defendant Preferred Enteral Systems, Inc. (Preferred).  At that point, Preferred voluntarily dismissed its counterclaim against plaintiff, Marvin Mermelstein.  Plaintiff appealed, and this court reversed and remanded the matter to the trial court.  See 
Mermelstein v. Rothner
, No. 1-99-2657 (September 28, 2001) (unpublished order under Supreme Court Rule 23).  On remand plaintiff sought leave to and did file an amended complaint.  In its answer to that complaint, Preferred raised its previously dismissed counterclaim.  The trial court dismissed the counterclaim, holding that Preferred failed to refile it within one year as required by section 13--217 of the Act (735 ILCS 5/13--217 (West 1994))
(footnote: 1).  Preferred appeals contending that section 13--207 of the Act controls and that it may file the otherwise time-barred claim because it is was filed as a counterclaim to plaintiff's amended complaint.  We reverse and remand.

BACKGROUND

The record is voluminous, but, because the issue before us is primarily one of statutory interpretation, only a brief recitation of the facts is necessary.  Plaintiff was a minority shareholder in Preferred, a close corporation.  In June 1991, plaintiff sued Preferred and several others alleging, 
inter alia
, breach of fiduciary duties.  The individual defendants are not parties to this appeal.  In July 1991, defendants filed an answer and counterclaim alleging, 
inter alia
, breach of fiduciary duties.  A full discussion of the business relationships among the parties and the allegedly improper conduct is contained in this court's prior Rule 23 disposition.  See 
Mermelstein
, No. 1-99-2657.  The complaint and counterclaim were both amended at various times.

In June 1999, the matter proceeded to a bench trial.  Following the presentation of plaintiff's proof, defendants secured a finding in their favor pursuant to section 2--1110 of the Code of Civil Procedure (the Code) (735 ILCS 5/2--1110 (West 1998)).  Preferred voluntarily dismissed its counterclaim without objection.  Plaintiff appealed and this court reversed in part and remanded the matter to the trial court with directions to allow plaintiff to file an amended complaint.  See 
Mermelstein
, No. 1-99-2657, slip op. at 62.

In May 2002, following remand, plaintiff filed his fifth amended complaint.  Defendants successfully moved to strike portions of that complaint and a sixth amended complaint.  In May 2003, defendants filed their answer to plaintiff's sixth amended complaint.  Plaintiff moved pursuant to section 2--619(a)(5) of the Code (735 ILCS 5/2--619(a)(5) (West 2004)) to dismiss the counterclaim arguing that the statute of limitations had expired and  it was filed outside the one-year period allowed for refiling by section 13--217.  Preferred argued that its counterclaim should be allowed as a response to plaintiff's amended complaint under section 13--207.  The trial court held that section 13--217 controlled and dismissed Preferred's counterclaim.  On Preferred's motion, the trial court subsequently found that there was no just reason to delay appeal of its ruling, and Preferred timely appeals.

DISCUSSION

Preferred contends that the trial court erred when it held that its counterclaim was time barred.  We review, 
de novo
, a trial court's dismissal under section 2--619 on the basis that a claim is barred by the statute of limitations.  
Bloom v. Braun
, 317 Ill. App. 3d 720, 725 (2000).  Because the dispute between the parties focuses primarily on a matter of statutory interpretation, we begin our analysis by setting forth the relevant statutory language.  Section 13--207 provides:

"Counterclaim or set-off.  A defendant may plead a set-off or counterclaim barred by the statute of limitation, while held and owned by him or her, to any action, the cause of which was owned by the plaintiff or person under whom he or she claims, before such set-off or counterclaim was so barred, and not otherwise."  735 ILCS 5/13--207 (West 2004).

The relevant language of section 13--217 provides:

"Reversal or dismissal.  In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if *** the action is voluntarily dismissed by the plaintiff *** then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after *** the action is voluntarily dismissed by the plaintiff ***."  735 ILCS 5/13--217 (West 1994).

The fundamental rule of statutory interpretation is to ascertain and effectuate the legislature's intent.  
Hamilton v. Industrial Commn
, 203 Ill. 2d 250, 255 (2003).  "To ascertain the legislative intent, the court must look first to the language of the statute, examining the language of the statute as a whole, and considering each part or section in connection with every other part or section."  
Atunes v. Sookhakitch
, 146 Ill. 2d 477, 484 (1992).  When an apparent conflict exists between statutes, courts must construe the statutes in harmony if possible.  
Newland v. Budget Rent-A-Car Systems, Inc.
, 319 Ill. App. 3d 453, 456 (2001).

Here we are presented with an apparent conflict between two sections of the statute.  Section 13--207 appears to preserve a defendant's right to bring an otherwise time-barred counterclaim, while section 13--217 appears to limit that right after one year if the counterclaim is voluntarily dismissed.  Preferred argues that we should recognize the equitable principles underlying section 13--207 and apply that statute without reference to section 13--217.  Plaintiff argues that we should resolve the conflict by applying section 13--217 because that section is more specific.  We find neither approach entirely satisfying but agree with Preferred that consideration of the equitable principles underlying section 13--207 is an appropriate starting point.

Section 13--207 appears to recognize the fact that potential litigants do not necessarily promptly file every possible claim they may have.  Instead, some litigants may refrain from filing until they are haled into court as a defendant.  The original purpose of section 13--207 appears to be to prevent a plaintiff from gaining a tactical advantage by delaying his filing so that, while his pleading comes within the time period of the statute of limitations, any counterclaim would be outside the period and therefore barred.  
Dignan v. Midas-International Corp.
, 65 Ill. App. 3d 188, 192 (1978).  However, regardless of the original purpose of this section, courts have long recognized that application of section 13--207 is based on the theory that a plaintiff waives application of the statute of limitations with regard to potential counterclaims.  See 
Cameron General Corp. v. Hafnia Holdings, Inc.
, 289 Ill. App. 3d 495, 509 (1997), citing 
Connor Live Stock Co. v. Fisher
, 32 Ariz. 80, 255 P. 996 (1927); see also 
Viland v. James E. McElvain, Inc.
, 103 Ill. App. 3d 318 (1982).  More importantly, a plaintiff is not free to withdraw this waiver at will; once application of the statute of limitations has been waived, it remains waived even if the claim which triggered the waiver is later dismissed.  
Ogg v. City of Springfield
, 121 Ill. App. 3d 25, 34 ( 1984).

Focusing on the waiver theory of section 13--207 allows us to harmonize the apparent conflict with section 13--217.  The parties' arguments focus on the "within one year" language of section 13--217.  However, we believe that under a waiver theory the more important language is the phrase "within the remaining period of limitation."  When a plaintiff files a complaint that triggers application of section 13--207, he has waived application of the statute of limitations with regard to counterclaims.  Such counterclaims, therefore, are not subject to the statute of limitations.  We believe that the phase "within the remaining period of limitation" should be construed to cover claims that, although beyond the statute of limitations, are not barred because the statute has been waived.  Accordingly, if a defendant has previously voluntarily dismissed a claim that would otherwise be barred by the statute of limitation or the one-year period of section 13--217, that claim will as the result of waiver nevertheless be "within the remaining period of limitation."  Therefore, we conclude that defendant's counterclaim was not barred by the one-year limitation of section 13--217 because, as a result of plaintiff's waiver, it was not outside the period of limitation.

Plaintiff argues that considerations of judicial economy should preclude allowing Preferred to refile its counterclaim.  We disagree.  We do not believe that judicial economy is served by requiring defendants to prosecute counterclaims to completion simply in order to preserve them against the possibility of a finding in favor of a plaintiff on appeal.  Certainly, Preferred was under no obligation to dismiss its counterclaim after the trial court entered a directed finding in its favor on plaintiff's claim.  Preferred was free to pursue the counterclaim if it chose to do so.  However, Preferred elected instead to treat its counterclaim as a defense that it would assert only if plaintiff's claims survived its motion for a directed verdict.  We do not believe that forcing Preferred to litigate its counterclaim would serve the goal of judicial economy.  If plaintiff had failed to appeal the trial court's judgment or if it had been affirmed on appeal, the need to hear evidence and rule on Preferred's counterclaim never would have arisen.   Plaintiff suggests that Preferred should have refiled its counterclaim after it became apparent that his appeal would not be decided within one year.  We likewise see nothing efficient about forcing litigation of a counterclaim in an independent proceeding while an appeal is pending that might obviate the need to raise the counterclaim.  Judicial economy is not served by adopting a statutory interpretation that forces defendants to litigate counterclaims, when they would prefer not to, simply to preserve these claims against the possibility of an appeal favorable to the plaintiff.

CONCLUSION

For the foregoing reasons the judgment of the circuit court of Cook County is reversed.  This matter is remanded for further proceedings not inconsistent with this order.

Reversed and remanded.

GALLAGHER and FITZGERALD SMITH, JJ., concur.

FOOTNOTES
1:
This section of the Act was amended by Public Act 89--7 in 1995. Pub. Act 89--7, eff. March 9, 1995.  However, in 
Best v. Taylor Machine Works
, 179 Ill. 2d 367 (1997), our supreme court held that Public Act 89--7 was unconstitutional and not severable.  If an act is unconstitutional in its entirety, it is void 
ab initio
; the state of the law is as if the act had never been passed.  
In re G.O.
, 191 Ill. 2d 37, 43 (2000).  Accordingly, we cite to the version of the Act that was in effect prior to the passage of Public Act 89--7.