837 N.E.2d 16 (2005)
216 Ill.2d 435
297 Ill.Dec. 236
Veronica BARRAGAN, Indiv. and as Special Adm'r of the Estate of Roberto Barragan, et al. (Osman Construction Corporation, Appellant),
v.
CASCO DESIGN CORPORATION, Appellee.
No. 99261.
Supreme Court of Illinois.
September 22, 2005.
*18 Robert Marc Chemers, Matthew J. Egan, Scott L. Howie, of Pretzel & Stouffer, Chtrd., Chicago, for appellant.
Momkus, McCluskey, McAndrew & Monroe, L.L.C., Downers Grove (James P. Marsh, James F. McCluskey, Edward R. Psenicka, of counsel), for appellee.
*19 Chief Justice THOMAS delivered the opinion of the court:
Plaintiffs, Jesus Barragan and Veronica Barragan, filed suit in the circuit court of Cook County against defendants, Osman Construction Corporation (Osman) and Casco Design Corporation (Casco), to recover for death and injury caused by a construction-related accident. Casco filed a counterclaim for contribution against Osman, and Osman subsequently filed a responsive counterclaim for contribution against Casco. The issue presented in this case is whether section 13-207 of the Code of Civil Procedure (Code) (735 ILCS 5/13-207 (West 2000)), which allows counterclaims to proceed even when otherwise barred by a statute of limitations, should have been applied to save Osman's responsive counterclaim for contribution that was admittedly time-barred by the two-year statute of limitations set forth in section 13-204 of the Code (735 ILCS 5/13-204 (West 2000)). We answer in the affirmative.

BACKGROUND
On July 8, 1997, Jesus Barragan was injured and his brother, Roberto Barragan, killed, when a masonry wall collapsed at the construction site where the two were working. At the time of the accident, the Barragans were employed by Masonry Construction Corporation (Masonry), a subcontractor on the project. Osman was the general contractor at the site, and Casco was the architect who designed the specifications for the project.
On July 15, 1997, Jesus Barragan filed his initial negligence complaint against Osman in the circuit court. Three days later, Veronica Barragan, the special administrator of Roberto's estate, joined Jesus in filing a first amended complaint, adding a wrongful-death claim.[1] Osman was served with the summons on the original complaint on July 25, 1997, and with the summons on the amended complaint on August 1, 1997. Plaintiffs filed a second amended complaint on September 11, 1997, naming Casco as a defendant. Casco was served with the second amended complaint on September 15, 1997.
On May 28, 1999, Osman filed a contribution claim against Masonry, but not against Casco at that time. On July 29, 1999, Casco filed a claim for contribution against both Osman and Masonry, and on December 7, 2000, Osman filed a counterclaim for contribution against Casco. Casco filed a motion objecting to Osman's counterclaim for contribution. The trial court denied the motion, but gave Casco until January 11, 2001, to answer or otherwise plead to Osman's counterclaim.
Settlement negotiations between plaintiffs and Osman ensued. On January 12, 2001, the trial court entered a good-faith finding approving a settlement agreement between plaintiffs and Osman that required Osman to pay plaintiffs $4.65 million. The agreement extinguished plaintiffs' causes of action against both Osman and Casco, but noted that Osman had retained its right to proceed with its counterclaim for contribution against Casco. In accordance with the settlement, the trial court dismissed plaintiffs' causes of action with prejudice, but ordered that Osman's *20 counterclaim against Casco remain pending.
Casco eventually filed a motion pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2000)) to dismiss Osman's counterclaim for contribution. In its motion, Casco argued that Osman's counterclaim was barred by the two-year limitation period for contribution actions under section 13-204 of the Code because Osman filed its claim for contribution more than two years after the date it was served with process on the plaintiffs' underlying complaint. Section 13-204 bars contribution actions filed more than two years after a defendant is served with process in the underlying suit. 735 ILCS 5/13-204 (West 2000). Osman, on the other hand, maintained that section 13-207 of the Code is a saving provision that allows a counterclaim to be filed in response to a pleading, despite the two-year limit for filing contribution claims under section 13-204. The circuit court rejected Osman's position and dismissed the counterclaim for contribution.
Osman appealed, and a divided appellate court affirmed. 352 Ill.App.3d 33, 38-39, 287 Ill.Dec. 198, 815 N.E.2d 842. According to the appellate court majority, section 13-204 required that Osman file its contribution action within two years after being served with process in the underlying lawsuit. 352 Ill.App.3d at 37, 287 Ill.Dec. 198, 815 N.E.2d 842. Because Osman's action was a counterclaim, the subject of section 13-207, and Osman had owned the claim before it was barred, section 13-207 seemingly would apply to negate the two-year limitation of section 13-204. 352 Ill. App.3d at 37, 287 Ill.Dec. 198, 815 N.E.2d 842. But, according to the appellate court majority, section 13-207 was preempted by section 13-204 because section 13-207 is a statute of limitations and section 13-204 explicitly preempts "`all other statutes of limitation.'" 352 Ill.App.3d at 37, 287 Ill. Dec. 198, 815 N.E.2d 842, quoting 735 ILCS 5/13-204(c) (West 2000). The dissent, however, found the majority's analysis flawed. It concluded that section 13-207 is not a statute of limitations as the majority claimed; rather, it is a "savings clause" and has been repeatedly recognized as such by courts. 352 Ill.App.3d at 39-40, 287 Ill.Dec. 198, 815 N.E.2d 842 (McBride, J., dissenting). Thus, the two statutes were not in conflict, and section 13-207 should have been applied to save Osman's counterclaim. 352 Ill.App.3d at 39-40, 287 Ill.Dec. 198, 815 N.E.2d 842 (McBride, J., dissenting).
We subsequently allowed Osman's petition for leave to appeal. 177 Ill.2d R. 315(a).

ANALYSIS
This appeal involves the propriety of the section 2-619 dismissal of Osman's contribution claim and the proper interpretation of two statutes. We conduct de novo review of both the dismissal of a claim and the interpretation of a statute. Paszkowski v. Metropolitan Water Reclamation District of Greater Chicago, 213 Ill.2d 1, 6, 289 Ill.Dec. 625, 820 N.E.2d 401 (2004).
As previously noted, the statutes at issue are sections 13-204 and 13-207 of the Code. Section 13-204 provides in relevant part as follows:
"(b) In instances where an underlying action has been filed by a claimant, no action for contribution or indemnity may be commenced more than 2 years after the party seeking contribution or indemnity has been served with process in the underlying action or more than 2 years from the time the party, or his or her privy, knew or should reasonably have known of an act or omission giving rise *21 to the action for contribution or indemnity, whichever period expires later.
(c) The applicable limitations period contained in subsection * * * (b) shall apply to all actions for contribution or indemnity and shall preempt, as to contribution and indemnity actions only, all other statutes of limitation or repose, but only to the extent that the claimant in an underlying action could have timely sued the party from whom contribution or indemnity is sought at the time such claimant filed the underlying action, or in instances where no underlying action has been filed, the payment in discharge of the obligation of the party seeking contribution or indemnity is made before any such underlying action would have been barred by lapse of time." 735 ILCS 5/13-204(b), (c) (West 2000).
Section 13-207 provides that despite the expiration of an applicable statute of limitations period, counterclaims may be pled in a pending action as follows:
"A defendant may plead a set-off or counterclaim barred by the statute of limitation, while held and owned by him or her, to any action, the cause of which was owned by the plaintiff or person under whom he or she claims, before such set-off or counterclaim was so barred, and not otherwise." 735 ILCS 5/13-207 (West 2000).
Osman argues that the plain language of the two sections allows them to be reconciled with one another and both enforced as written. Osman acknowledges that section 13-204 bars contribution claims filed more than two years after process is served in the underlying suit, but argues that section 13-207 plainly "saves" responsive counterclaims that would otherwise be barred by the statute of limitations. Casco, on the other hand, argues that the two statutes conflict, and that it was the intent of the legislature that the mandatory language of section 13-204 should be applied to bar all contribution actions, even contribution actions that also happen to be counterclaims.
Our primary objective in construing a statute is to ascertain and give effect to the intention of the legislature, and to this end all other rules of construction are subordinate. Paszkowski, 213 Ill.2d at 6, 289 Ill.Dec. 625, 820 N.E.2d 401; Sylvester v. Industrial Comm'n, 197 Ill.2d 225, 232, 258 Ill.Dec. 548, 756 N.E.2d 822 (2001). We determine intent by reading the statute as a whole and considering all relevant parts. Sylvester, 197 Ill.2d at 232, 258 Ill.Dec. 548, 756 N.E.2d 822. When the language is unambiguous, the law is to be enforced as enacted by the legislature. Paszkowski, 213 Ill.2d at 7, 289 Ill.Dec. 625, 820 N.E.2d 401. Where two statutes are allegedly in conflict, a court has a duty to interpret the statutes in a manner that avoids an inconsistency and gives effect to both statutes, where such an interpretation is reasonably possible. Ferguson v. McKenzie, 202 Ill.2d 304, 311-12, 269 Ill.Dec. 188, 780 N.E.2d 660 (2001).
Initially, we must determine whether Osman satisfied the requirements of section 13-207 so as to bring it into play in this case. Casco argues that Osman did not hold or own a setoff to any claim "owned by the plaintiff" as required by section 13-207 because Casco was not a "plaintiff" for purposes of that section.
We disagree with Casco's interpretation. It overlooks that section 2-401(d) of the Code (735 ILCS 5/2-401(d) (West 2000)) deems a party bringing a counterclaim to be a "plaintiff" for purposes of the Code. Specifically, it provides that "[u]nless a contrary meaning is indicated, wherever used in this Act and in rules *22 adopted pursuant hereto the term `plaintiff' includes counterclaimants and third-party plaintiffs, and the term `defendant' includes third-party defendants and parties against whom relief is sought by counterclaim." 735 ILCS 5/2-401(d) (West 2000). Thus, when Casco filed its contribution claim against Osman, which was technically a "counterclaim" under section 2-608 of the Code (735 ILCS 5/2-608 (West 2000)),[2] Casco became a "plaintiff" vis-a-vis Osman for purposes of section 13-207. This is borne out by the few Illinois cases that have considered counterclaims among codefendants. See Benckendorf v. Burlington Northern R.R., 112 Ill.App.3d 658, 68 Ill.Dec. 193, 445 N.E.2d 837 (1983); Dignan v. Midas-International Corp., 65 Ill.App.3d 188, 22 Ill.Dec. 239, 382 N.E.2d 559 (1978); Eddy v. Yellow Cab Co., 434 F.Supp. 447 (N.D.Ill.1977). These cases uniformly stand for the proposition that a codefendant initiating an adversarial relationship by filing a cross-claim against another co-defendant is considered a "plaintiff" and the codefendant filing a counterclaim in response is considered a "defendant" for purposes of the saving clause.
In Benckendorf, the plaintiff filed a two-count complaint against Burlington and Lee to recover for injuries he sustained when a Burlington train collided with an auto driven by Lee and in which the plaintiff was a passenger. Burlington filed a counterclaim against Lee for contribution, and Lee responded by filing a counterclaim against Burlington. Burlington argued that Lee's counterclaim was not filed within the two-year limitation period of section 13-202 of the Code (Ill.Rev.Stat. 1981, ch. 110, par. 13-202) and was therefore barred. The appellate court disagreed that the claim was ultimately barred, finding that section 13-207 "`saves' otherwise barred claims." Benckendorf, 112 Ill.App.3d at 663, 68 Ill.Dec. 193, 445 N.E.2d 837. In so concluding, the court rejected Burlington's argument that section 13-207 can never apply where a defendant has filed a counterclaim against another defendant. Benckendorf, 112 Ill. App.3d at 663, 68 Ill.Dec. 193, 445 N.E.2d 837.
Benckendorf also distinguished Dignan v. Midas-International Corp., 65 Ill. App.3d 188, 22 Ill.Dec. 239, 382 N.E.2d 559 (1978), and Eddy v. Yellow Cab Co., 434 F.Supp. 447 (N.D.Ill.1977), two cases on which Casco relies to support its argument in the instant case. In both Dignan and Eddy, a defendant sought to sue another defendant in the case by way of a cross-claim even though the statute of limitations had expired on the claim and the opposing defendant had not first filed any pleading against the defendant filing the cross-claim. Both courts rejected arguments that these kind of first-strike cross-claims are saved by section 13-207 of the Code. Dignan, 65 Ill.App.3d at 191-92, 22 Ill.Dec. 239, 382 N.E.2d 559; Eddy, 434 F.Supp. at 448. Dignan noted that the party seeking to invoke the "saving statute" sought relief for an otherwise stale claim from passive codefendants and was therefore "`in no sense a defendant, but is the moving, acting litigant who seeks relief *23 from the court.'" Dignan, 65 Ill.App.3d at 192, 22 Ill.Dec. 239, 382 N.E.2d 559, quoting Hahn v. Gates, 102 Ill.App. 385, 392 (1902). Similarly, in Eddy, the court affirmed the dismissal of a time-barred, first-strike counterclaim against another codefendant, noting that the codefendant who filed the counterclaim was "an active litigant seeking relief for her injuries, as a cross-claimant, from a passive co-party. As such, she is not protected by [the saving] statute." Eddy, 434 F.Supp. at 448.
The distinction drawn in both Dignan and Eddy between passive and active codefendants was important to the court in Benckendorf. Benckendorf found that in both of the cited cases, "the parties against whom counterclaims had been filed were passive codefendants who had not, as in this case, brought actions against the counterclaimants." Benckendorf, 112 Ill. App.3d at 663, 68 Ill.Dec. 193, 445 N.E.2d 837.
We believe that Benckendorf, Dignan and Eddy are consistent, well reasoned and supportive of the conclusion that Casco was a "plaintiff" and Osman a "defendant" for purposes of section 13-207. As in Benckendorf, the counterclaims between codefendants here placed them in adversarial relationship, and Osman's counterclaim was not against a passive codefendant, but was instead a responsive counterclaim. It therefore falls under the language of the statute and its plain intent to allow responsive claims.
Casco contends that Osman's counterclaim for contribution was not really an adversarial counterclaim because both counterclaims simply sought an equitable apportionment of damages to avoid the consequences of joint and several liability. Casco cites no authority on point to support its argument that a responsive counterclaim for contribution against another codefendant is not a "counterclaim" within the meaning of the statute, and we find its argument unpersuasive. Instead, it has been held that section 13-207 permits a "defendant" to plead "a set off or counterclaim * * * to any action," even counterclaims not factually related to the original claim. Bethlehem Steel Corp. v. Chicago Eastern Corp., 863 F.2d 508, 511-12 (7th Cir.1988). But here, Osman's counterclaim was directly related and responsive to Casco's contribution claim. While it is true that both claims sought an equitable apportionment of damages, each party had an opposing view of how those damages should be apportioned and each claimed that the fault of the accident rested solely with the other party. Casco even argued in the circuit court that it had evidentiary defenses to Osman's counterclaim that were "separate and apart from Casco's defenses to the plaintiff's action." Under the circumstances, we believe that Osman's claim was responsive to Casco's claim and was thus a true counterclaim within the meaning of section 13-207.
The saving provision comes into play in this case because Casco owned its contribution claimthe one that Osman counteredbefore Osman's counterclaim was barred. Osman was served with summons in the underlying suit on July 25, 1997, and therefore had until July 25, 1999,[3] to file a contribution claim to avoid *24 the bar of section 13-204. Casco, on the other hand, had until September 15, 1999, to file its contribution claim, and it did so on July 29, 1999, four days after any potential contribution claim that Osman might bring became time-barred by section 13-204. But at the time Osman's claim became barred under section 13-204, Casco "owned" the claim that formed the subject of Osman's counterclaim within the meaning of section 13-207. If section 13-207 is deemed controlling, it would allow Osman's responsive counterclaim for contribution to proceed despite the bar of section 13-204.
Having determined that section 13-207 comes into play in this case, we now turn to the purposes of the two statutes and then to the question of which statute controls the outcome here. Section 13-207 is a "saving" provision that allows a counterclaim to proceed despite the failure to comply with the appropriate statute of limitations period. Pape v. Byrd, 145 Ill.2d 13, 30, 163 Ill.Dec. 898, 582 N.E.2d 164 (1991). This saving clause opens the door and exposes the initiating party to otherwise stale claims by sacrificing the protection of the statute of limitations. See Ogg v. City of Springfield, 121 Ill. App.3d 25, 34, 76 Ill.Dec. 531, 458 N.E.2d 1331 (1984). One purpose of section 13-207 is to protect parties who have shorter limitations periods than their opponents. See Patsis v. Zion-Benton Township High School, No. 126, 234 Ill.App.3d 232, 235, 174 Ill.Dec. 747, 599 N.E.2d 531 (1992). Thus, it has been often noted that section 13-207 prevents plaintiffs from intentionally filing their claims as late as possible in order to preclude defendants from a reasonable opportunity to file their counterclaims within the original limitations period. See, e.g., Mermelstein v. Rothner, 349 Ill.App.3d 800, 804, 285 Ill.Dec. 641, 812 N.E.2d 461 (2004); Cameron General Corp. v. Hafnia Holdings, Inc., 289 Ill. App.3d 495, 506, 225 Ill.Dec. 568, 683 N.E.2d 1231 (1997). Section 13-207 is also premised on the notion that potential litigants do not always promptly file every possible claim they may have; instead, some litigants may refrain from filing until after a claim is brought against them. See Mermelstein, 349 Ill.App.3d at 804, 285 Ill.Dec. 641, 812 N.E.2d 461. Regardless of the original purpose of this section, however, courts have long recognized that application of section 13-207 is based on the principle that a plaintiff waives application of the statute of limitations with regard to potential counterclaims. See Mermelstein, 349 Ill.App.3d at 804, 285 Ill.Dec. 641, 812 N.E.2d 461; Cameron General Corp., 289 Ill.App.3d at 506, 225 Ill.Dec. 568, 683 N.E.2d 1231; Ogg, 121 Ill.App.3d at 33-34, 76 Ill.Dec. 531, 458 N.E.2d 1331; Bethlehem Steel Corp., 863 F.2d at 512; but c.f. Johnson v. Core-Vent Corp., 264 Ill.App.3d 833, 837, 201 Ill.Dec. 294, 636 N.E.2d 726 (1993). Moreover, a plaintiff is not free to withdraw this waiver at will; once application of the statute of limitations has been waived, it remains waived even if the claim which triggered the waiver is later dismissed. See, e.g., Mermelstein, 349 Ill. App.3d at 804, 285 Ill.Dec. 641, 812 N.E.2d 461.
Casco emphasizes that section 13-204 provides that in instances where an underlying action has been filed by a claimant, no action for contribution may be commenced more than two years after service of process in the underlying suit. It also emphasizes that section 13-204 preempts all other statutes of limitation or repose. It argues that this evinces a legislative intent to override section 13-207.
*25 We find Casco's argument to be unpersuasive. The mandatory "no action for contribution" language merely accomplishes what all statutes of limitation do-it time-bars the claim. As such, section 13-204 is not appreciably different from other statutes of limitation that have been found to be overridden by section 13-207. See, e.g., Pape, 145 Ill.2d at 27, 163 Ill.Dec. 898, 582 N.E.2d 164 (section 13-207 applied to avoid the limitations bar of section 302(a)(1) of the Illinois Marriage and Dissolution of Marriage Act (Ill.Rev.Stat.1987, ch. 40, par. 302(a)(1))); Westbank v. Maurer, 276 Ill.App.3d 553, 564, 213 Ill.Dec. 360, 658 N.E.2d 1381 (1995) (section 13-207 applied to save a counterclaim despite a federal statute of limitations providing that the right to rescission "shall expire three years after the date of consummation of the transaction or sale of the property"); Bethlehem Steel Corp., 863 F.2d at 511 n. 3 (section 13-207 held to override statute of limitations requiring that an "action for breach of contract for sale must be commenced within four years after the cause of action has accrued" (Ill.Rev.Stat.1979, ch. 26, par. 2-725)); Benckendorf, 112 Ill. App.3d at 663, 68 Ill.Dec. 193, 445 N.E.2d 837 (section 13-207 applied to avoid the two-year limitations bar for personal injuries under section 13-202 of the Code (Ill. Rev.Stat.1981, ch. 110, par. 13-202)). These cases demonstrate that it takes more than mandatory language to override the saving provision of section 13-207. As we will explain more fully below, the language enacted by the legislature in section 13-204, and relied upon by Casco, appears to have had nothing to do with a desire to preempt section 13-207 and everything to do with clarifying which of two possible statutes of limitations should control in contribution actions. Moreover, if we were to accept Casco's argument, it would void section 13-207's clear intent to negate an otherwise applicable statute of limitations when the conditions are met.
The linchpin of Casco's argument is the erroneous premise that section 13-207 is a statute of limitations. A statute of limitations is "[a] law that bars claims after a specified period; specif., a statute establishing a time limit for suing in a civil case, based on the date when the claim accrued." Black's Law Dictionary 1450-51 (8th ed.2004). Thus, a statute of limitations is by definition an arbitrary period after which all claims will be cut off. Langendorf v. City of Urbana, 197 Ill.2d 100, 110, 257 Ill.Dec. 662, 754 N.E.2d 320 (2001); see also Guzman v. C.R. Epperson Construction, Inc., 196 Ill.2d 391, 400, 256 Ill.Dec. 827, 752 N.E.2d 1069 (2001) (the purpose of a statute of limitations is to prevent stale claims). Section 13-207, however, does the opposite of a statute of limitations. Instead of barring a claim after a specified period or setting a date for accrual of the claim, it saves otherwise barred claims. Section 13-207 cannot be a statute of limitations because its aim is not to bar claims, but to preserve them.[4]
Statutes of limitation must be construed in accordance with their objectives and purposes. Geneva Construction Co. v. Martin Transfer & Storage Co., 4 Ill.2d 273, 289, 122 N.E.2d 540 (1954). There is nothing that can be garnered from the *26 purpose of section 13-204 to indicate that it was meant to circumvent the saving clause of section 13-207. Prior to its amendment in 1995, section 13-204 simply provided that "[n]o action for contribution among joint tortfeasors shall be commenced with respect to any payment made in excess of a party's pro rata share more than 2 years after the party seeking contribution has made such payment towards discharge of his or her liability." 735 ILCS 5/13-204 (West 1992). Prior to 1995, there was some confusion as to which statute of limitations would be applied to a contribution action where there was no payment discharging liability, but where an underlying action had been filed. The question in such cases was whether the two-year statute of limitations for contribution applied or whether the statute of limitations for the underlying, predicate claim, which might be longer or shorter than two years, applied. Courts had held that where an underlying direct action is pending, an action for contribution is subject to the same statutes of limitation and repose that are applicable to the original claimant's cause of action in the underlying direct action. See Caballero v. Rockford Punch Press & Manufacturing Co., 244 Ill.App.3d 333, 337, 185 Ill.Dec. 228, 614 N.E.2d 362 (1993) (and cases cited therein).
The 1995 amendment added subsections (b) and (c), which inserted the language providing that "[i]n instances where an underlying action has been filed by a claimant, no action for contribution or indemnity may be commenced more than 2 years after" service of process in the underlying suit and "shall preempt * * * all other statutes of limitation and repose." 735 ILCS 5/13-204(b), (c) (West 1994); Pub. Act 88-538, § 5, eff. January 1, 1995. Thus the obvious purpose of the 1995 amendment of section 13-204 was to clarify which of two arguably relevant statutes of limitations should be applied to contribution claims: the two-year limitations for contribution, or the limitations for the predicate claim, which might be longer or shorter than two years. See, e.g., Medrano v. Production Engineering Co., 332 Ill. App.3d 562, 574, 266 Ill.Dec. 265, 774 N.E.2d 371 (2002). The 1995 amendment addressed this question by providing a mandatory two-year limitation period as stated in section 13-204, regardless of the underlying limitation period. Thus, the statute provides that all other limitation periods are preempted. However, nothing in section 13-204 addresses the saving clause of section 13-207.
Moreover, the legislative debate over the amendment is bereft of any indication that the General Assembly wanted to prevent the saving provision from preserving responsive counterclaims for contribution that would otherwise be time-barred, or that it intended to amend section 13-204 to bring about that effect. Indeed, it would have been unreasonable for the legislature to have expected courts to interpret the preemption clause of section 13-204 as including section 13-207 within its ambit, given that Illinois courts had been interpreting section 13-207 as saving provision, and not a statute of limitations, for over a decade at the time of the 1995 amendment. See, e.g., Pape, 145 Ill.2d at 30, 163 Ill.Dec. 898, 582 N.E.2d 164 ("the courts below erred in construing section 13-207 as not saving Pape's counterclaim despite her failure to comply with the limitations period of section 302(a)(1) of the Marriage Act"); Ogg, 121 Ill.App.3d at 34, 76 Ill.Dec. 531, 458 N.E.2d 1331 ("The saving clause opens the door and exposes the initiating party to otherwise stale claims"); Benckendorf, 112 Ill.App.3d at 663, 68 Ill.Dec. 193, 445 N.E.2d 837 (section 13-207 "`saves' otherwise barred claims"); Ogg, 121 Ill.App.3d at 34, 76 Ill.Dec. 531, 458 *27 N.E.2d 1331 (refers to section 13-207 as "the saving clause").
Casco relies upon a couple of rules of statutory construction to support its position. Specifically, it notes that when two statutes are in conflict, the more specific should take precedence over the more general and the more recently enacted statute should be applied over the earlier enacted statute. But neither of these principles is of any import here because the two statutes are compatible and can be read harmoniously. See Ferguson, 202 Ill.2d at 311-12, 269 Ill.Dec. 188, 780 N.E.2d 660 (a court has a duty to interpret allegedly conflicting statutes in a manner that avoids inconsistency and gives effect to both statutes where possible); Jahn v. Troy Fire Protection District, 163 Ill.2d 275, 282, 206 Ill.Dec. 106, 644 N.E.2d 1159 (1994) (statutes must be in "direct conflict" to apply the more recently enacted statute over the earlier enacted one); Byrne v. City of Chicago, 215 Ill.App.3d 698, 709-10, 159 Ill.Dec. 350, 576 N.E.2d 19 (1991) (the two principles of statutory construction at issuethat the more recently enacted and the more specific statute should take precedence do not apply where the statutes do not actually contradict one another). Moreover, it has been specifically noted that no conflict arises when section 13-207 overrides a statute of limitations absent a clear legislative intent to prevent the applicability of section 13-207, and therefore the principles of statutory construction relied uponthat the more specific and more recent statute take prioritydo not apply. Bethlehem Steel Corp., 863 F.2d at 511-12. With respect to the two sections of the Code to be reconciled in this case, it is only after the statute of limitations bars a claim that the saving provision can step in to save it, and then only in the event that the requirements of the provision are met. This is a two-step inquiry that gives effect to both statutes. As we have previously noted, section 13-204 clearly bars contribution claims filed more than two years after service of process in the underlying suit. Section 13-207 plainly takes into account such barred claims, yet it saves them if they are responsive counterclaims, by negating the statute of limitations and allowing them to proceed. Our interpretation of the two statutes avoids any inconsistency and gives meaning and effect to both statutes, as we must do if reasonably possible. Ferguson, 202 Ill.2d at 311-12, 269 Ill.Dec. 188, 780 N.E.2d 660. There is no merit to the notion that such an interpretation would render section 13-204 meaningless, as there is no question that section 13-204 bars all untimely filed actions for contribution that would seek to instigate an adversarial relationship, in contrast to actions that merely respond to one that has already been created.
The only case cited by Casco that arguably supports its position is Johnson v. Core-Vent Corp., 264 Ill.App.3d 833, 201 Ill.Dec. 294, 636 N.E.2d 726 (1993), but we find that case to be distinguishable. There, a dentist and two of his patients sued the defendant, claiming that dental implants manufactured by the defendant failed after they were surgically installed. The defendant filed a counterclaim against the dentist, alleging that his negligence in installing the devices caused or contributed to the patients' injuries. The defendant's counterclaim, however, was filed beyond the four-year medical malpractice statute of repose set forth in section 13-212(a) of the Code (Ill.Rev.Stat.1991, ch. 110, par. 13-212(a)). The appellate court found that the four-year statute of repose should be read to override section 13-207 of the Code because section 13-212(a) was more "narrow in focus" and it expressed the legislature's intent "to limit the vulnerability of health care professions from medical malpractice liability by establishing *28 that the four-year statute of repose applied to any action, including claims for contribution." Johnson, 264 Ill.App.3d at 837, 201 Ill.Dec. 294, 636 N.E.2d 726.
Johnson is distinguishable from the present case, as the same public policy concern of limiting the vulnerability of health professionals to medical malpractice claims is not present here. See Hayes v. Mercy Hospital & Medical Center, 136 Ill.2d 450, 461, 145 Ill.Dec. 894, 557 N.E.2d 873 (1990) ("the General Assembly perceived the medical malpractice insurance crisis as so grave that it limited to four years a patient's right to bring an action against certain health-care providers for damages arising out of patient care. For that reason, we find it difficult to believe that the General Assembly did not also intend to bar a culpable party's claim for contribution if not filed within the same statutory four-year period * * *"). Moreover, Johnson intimated that its result might have been different if the defendant had not had any opportunity to file a responsive pleading before the statute of repose had expired, or if the case had involved a last-minute, eleventh-hour filing by the plaintiff to prevent the defendant from asserting a counterclaim. Johnson, 264 Ill.App.3d at 837-38, 201 Ill.Dec. 294, 636 N.E.2d 726. But Johnson noted that the defendant had at least 11 months within which it could have filed a responsive counterclaim to the plaintiff's claim. In contrast to the defendant in Johnson, Osman arguably had no time within the limitation period of section 13-204 to file a responsive claim because Casco filed its contribution claim four days after Osman's two-year period under section 13-204 had expired. Although Osman did have ample opportunity to file a first-strike action for contribution against Casco, it was not until four days after Osman's right to bring a claim had expired that Casco created an adversarial relationship with Osman by filing its contribution claim. The mere fact that Osman could have initially filed a contribution claim without the protection of the saving provision does not detract from its ability to rely upon it later. See Mermelstein, 349 Ill.App.3d at 804, 285 Ill.Dec. 641, 812 N.E.2d 461 (one of the purposes of the saving provision is to protect potential litigants who do not promptly file every claim they may have, but instead refrain from filing against a party until that party asserts an adversarial claim against them). At any rate, we reject Casco's argument that the rationale of Johnson should be extended to bar Osman's responsive counterclaim for contribution in the case at bar.
Finally, Casco argues that allowing section 13-207 to save counterclaims like the one filed by Osman would foil meaningful settlement negotiations and trial preparation. Casco, however, does not explain its contention any further, nor does it point to any way in which it was specifically harmed by allowing Osman's counterclaim to proceed other than that it might be potentially on the hook for its pro rata share of the settlement for the underlying claimant's injuries. Moreover, the record belies Casco's cursory claim that it was prejudiced in this case. After Osman filed its counterclaim for contribution against Casco, Casco was allowed to supplement discovery and have the trial date continued from February of 2001 to May of 2001.

CONCLUSION
For the foregoing reasons, we hold that the interplay between sections 13-204 and 13-207 allows Osman's otherwise time-barred counterclaim to proceed. Accordingly, we reverse the judgments of the appellate and circuit courts and remand *29 the cause to the circuit court for further proceedings.
Judgments reversed; cause remanded.
NOTES
[1] This first amended complaint also named "Casco Development Corporation" as a defendant. However, plaintiff did not name "Casco Design Corporation" as a defendant until it filed its second amended complaint on September 11, 1997. At that time, the trial court allowed plaintiff to voluntarily dismiss Casco Development Corporation as a party defendant. Casco Design Corporation was served with the second amended complaint on September 15, 1997.
[2] Although Casco's action against Osman is technically called a "counterclaim" under section 2-608 for the purpose of simplifying terminology in pleading, this kind of claim has been traditionally known as a cross-claim. In contradistinction, a traditional counterclaim, as intended by section 13-207, has been defined as a "claim for relief asserted against an opposing party after an original claim has been made" by that opposing party (Black's Law Dictionary 376 (8th ed.2004)). Section 2-608 simplified matters by eliminating the distinction between the two types of claims when pleading. Ill.Ann.Stat., ch. 110, par. 2-608, Historical & Practice Notes, at 182 (Smith-Hurd 1983).
[3] Other possible dates for accrual of Osman's contribution claim for purposes of section 13-204 include August 1, 1997, the date Osman was served with summons on the amended complaint, and September 11, 1997, the date Casco was sued by plaintiff and Osman became absolutely aware of its potential contribution rights. But no matter which of these dates is chosen, it is clear that Osman's contribution claim was filed beyond the limitations period of section 13-204. But Casco argued in its motion to dismiss before the circuit court that time began to run on Osman's contribution claim as of July 25, 1997, so we will apply that date for convenience's sake.
[4] Just because section 13-207 "saves" otherwise barred counterclaims does not mean that it gives a party a right to bring the counterclaim for "all eternity" as Casco suggests. Section 13-207 only applies to counterclaims that are made in response to the action at which they are directed. Patsis, 234 Ill. App.3d at 236, 174 Ill.Dec. 747, 599 N.E.2d 531. More importantly, contribution claims have long been restricted to the underlying action in which they arise. See Laue v. Leifheit, 105 Ill.2d 191, 85 Ill.Dec. 340, 473 N.E.2d 939 (1984); 740 ILCS 100/5 (West 2002).