# Illinois Official Reports

## Appellate Court

---

**Byline Bank v. Integra Properties, Inc., 2021 IL App (1st) 201021**

---

| | |
|---|---|
| Appellate Court Caption | BYLINE BANK, f/k/a North Community Bank, an Illinois Banking Corporation, Successor-by-Merger to Metropolitan Bank and Trust Company, Plaintiff-Appellee, v. INTEGRA PROPERTIES, INC., Defendant-Appellant. |
| District & No. | First District, First Division<br>No. 1-20-1021 |
| Filed | September 27, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 19-CH-8802; the Hon. William B. Sullivan, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Charles Aaron Silverman, of Charles Aaron Silverman, P.C., and Jonathan Lubin, both of Skokie, for appellant.<br><br>Scott H. Kenig, of Randall & Kenig LLP, of Chicago, for appellee. |
| Panel | JUSTICE WALKER delivered the judgment of the court, with opinion.<br>Justices Pierce and Coghlan concurred in the judgment and opinion. |

**OPINION**

¶ 1	Plaintiff Byline Bank (Byline), formerly known as North Community Bank and successor-by-merger to Metropolitan Bank and Trust Company, filed a complaint to foreclose its mortgages against several properties, including the property located at 5919 W. Ogden Avenue in Cicero, IL. Defendant Integra Properties, Inc. (Integra), claimed a commercial broker's lien, pursuant to the Commercial Real Estate Broker Lien Act (Act) (770 ILCS 15/1 *et seq.* (West 2018)) against the same property. Byline named Integra as a defendant to extinguish Integra's lien. Integra answered the complaint and filed a counterclaim seeking damages in the amount of the lien. Subsequently, Byline filed a motion to dismiss Integra's counterclaim, citing the statute of limitations prescribed in section 10(g) of the Act. *Id.* § 10(g). The circuit court dismissed Integra's counterclaim with prejudice and entered judgment extinguishing Integra's lien. Integra appeals, arguing that the saving provision in section 13-207 of the Code of Civil Procedure (Code) (735 ILCS 5/13-207 (West 2018)) rendered its claim timely. For the following reasons, we affirm.

¶ 2	BACKGROUND

¶ 3	On November 6, 2007, Integra recorded a broker's lien against the property located at 5919 W. Ogden Ave, Cicero, IL, in the amount of $30,000. Byline recorded a mortgage secured by the same property on May 22, 2008. On July 26, 2019, Byline filed a complaint to foreclose its mortgage and named Integra as a defendant to extinguish Integra's lien.

¶ 4	On December 16, 2019, Integra answered the complaint and filed a counterclaim, the subject of this appeal. The counterclaim was premised upon the lien filed on November 6, 2007, and it sought damages in the amount of the lien.

¶ 5	On March 19, 2020, Byline filed a motion to dismiss Integra's counterclaim pursuant to section 2-619(a)(5) of the Code (*id.* § 2-619(a)(5)). Integra filed its response arguing that, under section 13-207 of the Code, the statute of limitations was revived by the filing of the foreclosure complaint.

¶ 6	On September 21, 2020, the circuit court dismissed Integra's counterclaim with prejudice and extinguished the lien. The circuit court found that section 13-207 "does not apply to Integra's counterclaim against plaintiff [Byline] on the grounds that the counterclaim has not been pled against an action, the cause of which was owned by plaintiff or person under whom he or she claims before such counterclaims was so barred." On September 24, 2020, Integra filed a notice of appeal.

¶ 7	ANALYSIS

¶ 8	On appeal, Integra argues that the circuit court erred in granting Byline's motion to dismiss its counterclaim because the saving provision in section 13-207 of the Code rendered its claim timely. Whether a cause of action was properly dismissed under section 2-619(a)(5) of the Code based on the statute of limitations is a matter we review *de novo*. *Ferguson v. City of Chicago*, 213 Ill. 2d 94, 99 (2004). The interpretation of statutes likewise is reviewed *de novo*. *Abruzzo v. City of Park Ridge*, 231 Ill. 2d 324, 332 (2008).

¶ 9	Under section 2-619(a)(5) of the Code, dismissal is warranted if the "action was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2018). Section 2-

619 is designed to afford litigants a means to dispose of issues of law and easily proven issues of fact at the outset of litigation. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367 (2003). A motion to dismiss under section 2-619 admits the legal sufficiency of all well-pleaded facts but allows for the dismissal of claims barred by an affirmative matter defeating those claims or avoiding their legal effect. *Janda v. United States Cellular Corp.*, 2011 IL App (1st) 103552, ¶ 83 (citing *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006)). When ruling on a section 2-619 motion to dismiss, a court must interpret all pleadings, affidavits, and other supporting documents in the light most favorable to the nonmoving party. *Caywood v. Gossett*, 382 Ill. App. 3d 124, 129 (2008). A cause of action should not be dismissed under section 2-619 unless it is clearly apparent that no set of facts can be proven that would entitle the plaintiff to relief. *Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 277-78 (2003).

¶ 10        "An appeal from a section 2-619 dismissal requires the same analysis as an appeal following a grant of summary judgment ***." *PSI Resources, LLC v. MB Financial Bank, National Ass'n*, 2016 IL App (1st) 152204, ¶ 30. Both instances require the reviewing court to "ascertain whether the existence of a genuine issue of material fact should have precluded the dismissal, or absent such an issue of fact, whether dismissal is proper as a matter of law." *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 178 (2007).

¶ 11        When construing a statute, the primary objective is to ascertain and give effect to the intent of the legislature. *Alvarez v. Pappas*, 229 Ill. 2d 217, 228 (2008). All other rules of statutory construction are subordinate to this cardinal principle. *Id.* "To ascertain the legislative intent, the court must look first to the language of the statute, examining the language of the statute as a whole, and considering each part or section in connection with every other part or section." *Antunes v. Sookhakitch*, 146 Ill. 2d 477, 484 (1992). The statutory language must be given its plain, ordinary, and popularly understood meaning. *Alvarez*, 229 Ill. 2d at 228. Clear and unambiguous statutory language must be given effect as written without resort to further aids of statutory construction. *Id.* In construing a statute, a court presumes the General Assembly did not intend absurdity, inconvenience, or injustice. *J.S.A. v. M.H.*, 224 Ill. 2d 182, 197 (2007).

¶ 12        Section 10(g) of the Act provides, in relevant part:

> "(g) A broker may bring suit to enforce a lien in the Circuit Court in the county where the property is located by filing a complaint and sworn affidavit that the lien has been recorded.
>
> The person claiming a lien shall, unless the claim is based upon an option to purchase the commercial real estate, within 2 years after recording the lien, commence proceedings by filing a complaint. Failure to commence proceedings within 2 years after recording the lien shall extinguish the lien. No subsequent notice of lien may be given for the same claim, nor may that claim be asserted in any proceedings under this Act." 770 ILCS 15/10(g) (West 2018).

¶ 13        Integra concedes that it failed to file suit within the two-year statute of limitations provided by the Act. Integra's lien claim was recorded on November 8, 2007, which gave Integra until November 8, 2009, to file suit to foreclose its lien claim. Integra did not commence proceedings until December 16, 2019, when it filed the counterclaim.

¶ 14        The circuit court dismissed Integra's counterclaim finding that "the counterclaim has not been pled against an action, the cause of which was owned by plaintiff or person under whom he or she claims before such counterclaims was so barred." Integra contends that the court's dismissal suggests that Integra's action was against the former owner of the subject property

and that its claim against Byline was a cross-claim, not a counterclaim. Integra then argues that, even if its claim was a cross-claim, the definition of a counterclaim under section 2-608 of the Code includes cross-claims. Section 2-608 provides:

> "§ 2-608 Counterclaims. (a) Any claim by one or more defendants against one or more plaintiffs, or against one or more codefendants, whether in the nature of setoff, recoupment, cross claim or otherwise, and whether in tort or contract, for liquidated or unliquidated damages, or for other relief, may be pleaded as a cross claim in any action, and when so pleaded shall be called a counterclaim." 735 ILCS 5/2-608 (West 2018).

¶ 15     We acknowledge that section 2-608 refers to both counterclaims and cross-claims as counterclaims. However, Integra misunderstands the circuit court's ruling. Integra's counterclaim was not dismissed because it was mistitled. It was dismissed because, under section 13-207, Integra's counterclaim is inapplicable. Integra's counterclaim was not a claim that "was owned by the plaintiff [Byline]. . ., before such set-off or counterclaim was so barred."

¶ 16     Section 13-207 of the Code states:

> "A defendant may plead a set-off or counterclaim barred by the statute of limitation, while held and owned by him or her, to any action, the cause of which was owned by the plaintiff or person under whom he or she claims, before such set-off or counterclaim was so barred, and not otherwise." *Id.* § 13-207.

¶ 17     "Section 13-207 is a 'saving' provision that allows a counterclaim to proceed despite the failure to comply with the appropriate statute of limitations period." *Barragan v. Casco Design Corp.*, 216 Ill. 2d 435, 441, 446 (2005). Section 13-207 recognizes that litigants do not always promptly file every possible claim they may have. *Id.* Instead, some litigants may refrain from filing until they are hauled into court as a defendant. *Id.*

¶ 18     Courts have recognized that application of section 13-207 is based on the theory that a plaintiff waives application of the statute of limitations regarding potential counterclaims. *Mermelstein v. Rothner*, 349 Ill. App. 3d 800, 804 (2004). Section 13-207 "does the opposite of a statute of limitations. Instead of barring a claim after a specified period or setting a date for accrual of the claim, it saves otherwise barred claims." *Barragan*, 216 Ill. 2d at 449.

¶ 19     Integra relies on *Barragan*, but *Barragan* is distinguishable. In *Barragan*, the Casco Design Corporation (Casco) filed a counterclaim for contribution against the Osman Construction Corporation (Osman), and Osman later filed a responsive counterclaim for contribution against Casco. *Id.* at 437. The issue was whether section 13-207 should have been applied to save Osman's responsive counterclaim for contribution that was admittedly time-barred by the two-year statute of limitations set forth in section 13-204 of the Code. *Id.*

¶ 20     Osman's claim against Casco for contribution arose on July 25, 1997, and it became time-barred on July 25, 1999. *Id.* at 445. Casco's original contribution claim against Osman did not become time-barred until September 15, 1999. *Id.* at 445-46. Recognizing this clear tactical advantage, Casco waited until July 29, 1999, to file its contribution claim—four days after Osman's claim became time-barred. *Id.* at 446. Osman filed a responsive counterclaim on December 7, 2000. *Id.* at 438. Our supreme court found that section 13-207 applied "because Casco owned its contribution claim—the one that Osman countered—before Osman's counterclaim was barred." *Id.* at 445. The court concluded, "Casco 'owned' the claim that

formed the subject of Osman's counterclaim within the meaning of section 13-207," and Osman's counterclaim was not barred. *Id.* at 446.

¶ 21 "One purpose of section 13-207 is to protect parties who have shorter limitations periods than their opponents." *Id.* Osman represented such a party. Integra does not. Neither the former owner nor Byline intentionally waited until Integra's lien claim became time-barred to attempt to extinguish it. Instead, Integra simply did not act on its claim.

¶ 22 Integra now argues that a counterclaim can revive any broker's lien claim under any circumstance. Such revival would essentially nullify the legislature's clear intent to establish a statute of limitations for such lien claims. We reject this overly broad interpretation. Integra failed to commence suit to enforce its lien within the two-year statute of limitations prescribed by section 10(g) of the Act. Integra is merely seeking to revive a disallowed counterclaim.

¶ 23 Byline's cause of action relates to the foreclosure of its mortgage and the extinguishment of Integra's lien, but Byline's claim to extinguish was not owned by Byline before Integra's counterclaim was barred. Integra's lien claim became barred in 2009, while Byline's claim did not accrue until the mortgage defaulted in 2019. The former owner of the subject property owned the cause of action to extinguish Integra's lien when the lien expired in 2009. Even after Integra's lien became time-barred, if the former owner filed a complaint to extinguish Integra's lien, the counterclaim against the former owner would be allowed pursuant to section 13-207. However, the former owner did not attempt to extinguish Integra's lien. Byline sought to extinguish the lien when it filed the complaint to foreclose its mortgage. Integra's only recourse was to file a counterclaim against Byline and argue that section 13-207 had revived its claim, but Integra cannot pursue a counterclaim against a different plaintiff simply to revive its barred claim.

¶ 24 Section 13-207 was designed to prevent a plaintiff from intentionally filing late claims or "gaining a tactical advantage by delaying his filing so that, while his pleading comes within the time period of the statute of limitations, any counterclaim would be outside the period and therefore barred." *Mermelstein*, 349 Ill. App. 3d at 804. Here, Byline did not intentionally file a late claim or gain a tactical advantage by delaying its filing. Integra cannot pursue a counterclaim against Byline simply to revive its barred lien claim. Therefore, section 13-207 does not apply, and it was proper for the circuit court to dismiss Integra's counterclaim and extinguish the lien.

¶ 25                                                    CONCLUSION
¶ 26 For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 27 Affirmed.